.KIND et al. v. MARKHAM.

District Court, S. D. New York.
Sept. 25, 1945.

Noonan, Kaufman & Eagan, of New York City (Gregory F. Noonan and Richard Katcher, both of New York City, of counsel), for applicants.

O'Connor & Farber, of New York City, for plaintiffs.

John F. X. McGohey, U. S. Atty., of New York City, Herbert Wechsler, Asst. Atty. Gen., and Harry LeRoy Jones, Irving J. Levy, and Loretta I. Martone, all of Washington, D. C. (William L. Lynch, of New York City, and John Ernest Roe, of Washington, D. C., of counsel), for defendant.

CONGER, District Judge.

This is an application for leave to intervene as parties plaintiff in the above entitled action pursuant to Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

266

The applicants are remaindermen under a trust created by one Hermann Kind in 1928, and the present plaintiffs are the trustees.

The suit involves a claim against the Alien Property Custodian for return of 100 shares of capital stock of Graef & Schmidt, Inc., vested by the Alien Property Custodian on the grounds that the said corporation was a national of a designated enemy country, to wit, Germany, or in the alternative for a judgment declaring that the plaintiffs have a security interest in said stock as collateral for an indebtedness due the trust estate.

■ The applicants contend that they have an absolute right to intervene under Rule 24(a) (2), on the ground that representation by the plaintiffs herein may be inadequate and that they will or may be bound by a judgment rendered. They further contend that, assuming no absolute right to intervene, permissive intervention as provided in Rule 24(a) (2) should be allowed in the exercise of the court's discretion.

The basis for the claim of absolute right to intervene is found in the circumstances surrounding the purported transfer of the stock by a German corporation to the plaintiffs in 1939, allegedly in consideration of an indebtedness owed the estate. All of the negotiations in connection with this transfer, it is alleged, were carried on by the trustees without the knowledge of the applicants, and the suggestion is made that the trustees' conduct in the premises was possibly improper and detrimental to the applicants. Therefore, it is said, the plaintiff-trustees in this suit will be primarily concerned with vindicating themselves of any possible charges of mismanagement or waste, and will not proceed with the idea of protecting the applicants' interest foremost in their minds. Such a situation clearly reflects inadequacy of representation under the Rule, it is said.

I cannot agree with applicants' arguments. The plaintiffs have brought the suit for the sole purpose of recovering the stock, and no matter how improper their conduct, a verdict in their favor will assuage the applicants. In the event the claim is disallowed the plaintiffs may be liable to the applicants; but no significant reason has been advanced as to the manner in which the applicants' presence in the suit will assist. If the Alien Property Custodian is right in his determination, no castigation of the trustees' conduct in relation to the estate can avoid the fact of the vesting of the stock. The applicants will have lost it.

There is no charge here of fraud or collusion. The interests of the plaintiffs and the applicants are identical; and the plaintiffs are the mother and brother of the applicants. In fact, the plaintiffs have filed an affidavit herein urging the granting of the motion.

In Moore's Federal Practice, § 24.07, at page 2333, it is stated that "Inadequacy of representation is shown if there is proof of collusion between the representative and an opposing party, if the representative has or represents some interest adverse to that of the petitioner, or fails because of nonfeasance in his duty of representation." The cases seem to support this. See United States v. C. M. Lane Lifeboat Co., Inc., D.C., 25 F.Supp. 410, affirmed, 2 Cir., 118 F.2d 793; Klein v. Nu-Way Shoe Co., Inc., 2 Cir., 136 F.2d 986; Innis, Speiden & Co., v. Food Machinery Corp. Brogdex Co. of Cal., Ltd., D.C., 2 F.R.D. 261.

I hold that the remaindermen have no absolute right to intervene.

■ Rule 24(b) (2) provides for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

In construing this section of the Rule, the courts have treated it as contemplating a situation in which the intervenor, even though asserting a claim or defense common in law or fact to the main suit, presents a claim in addition to the issues of the main suit. Owen v. Paramount Productions, Inc., D. C., 41 F.Supp. 557; American Optical Co., v. New Jersey Optical Co., D.C., 3 F.R.D. 169.

■ The applicant's proposed complaint adds nothing in the nature of a claim to the original complaint. Certain allegations in connection with the circumstances of the transfer, as referred to previously, are "in addition" to the original complaint, but these cannot affect the right of the defendant to retain the stock if the reasons for the vesting order are substantiated.

To allow intervention here would merely delay and complicate the proceedings and in view of the applicants' alleged ignorance of the transactions, it is impossible to envisage just what assistance they could offer on the trial. Movants herein may file briefs and participate in the case argued before the court as "amici curiae."

The motion to intervene is denied. Submit order.