BISANZ BROS., Inc., a corporation, Bisanz Bros. Construction Company, a corporation, and Advance Construction Company, a corporation, on behalf of themselves and other property owners similarly situated, Plaintiffs,

v.

The CHICAGO–MILWAUKEE–ST. PAUL AND PACIFIC RAILROAD CO., a corporation, Defendant.

Civ. No. 2956.

United States District Court
D. Minnesota, Third Division.

May 2, 1957.

Murnane & Murnane, by E. W. Murnane, St. Paul, Minn., for plaintiffs.

Rider & Bennett, by Gene F. Bennett, Minneapolis, Minn., for defendant.

Doherty, Rumble & Butler, by M. J. Doherty, St. Paul, Minn., for Ford Motor Co.

DONOVAN, District Judge.

This matter is before the court upon the motion of Ford Motor Company for leave to intervene as a defendant pursuant to Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The motion is opposed by plaintiffs who by affidavit of their counsel contend as follows:

" * * * The scope of this litigation is limited by the pleadings to an action to abate and enjoin a nuisance consisting of a storage yard operated and maintained by the defendant in a Class A residential district of the city of St. Paul, in violation of existing zoning laws of that city.

"Applicant does not claim to be engaged in railroad activities; does not own any of the tank cars or box cars or other railroad equipment effected by or to be effected by this litigation; does not own or control the land used by the defendant in its operation of the storage yard; does not claim to be participating in any of the objectionable activities and does not show itself to be anything other than a shipper, dependent upon the defendant for an expeditious handling of freight consigned to the defendant as a common carrier.

\* \* \* \* \* \*

"If a permissive intervention is granted, it will merely result in reassertion by the applicant of the same defenses already made by the defendant and would add nothing warranting the granting of intervention, as is demonstrated by the proposed answer attached to the moving papers.

"There is no showing by Affidavit or otherwise, except for the motion itself, that whatever interests applicant may have as shipper are not being adequately protected by the defendant. To the contrary, the files and records of this case presently show that applicant, through its local and Detroit agents and employees, has submitted and filed affidavits which were used by defendant in its opposition to plaintiffs' motion for temporary injunction, setting forth in detail the facts and circumstances now set forth in applicants proposed answer."

The proposed complaint in intervention (not verified) outlines an investment of millions of dollars in plant and payroll of personnel presently served by defendant common carrier and states that curtailment of service by defendant would necessarily follow discontinuance or curtailment of the storage track service involved in the instant case.

Intervention of right under Rule 24(a) requires inadequacy of representation. This is shown if there is proof of collusion between the representative and an opposing party, if the representative has or represents some interest adverse to that of the petitioner, or fails because of non-feasance in his duty of representation. 4 Moore's Federal Practice, page 38. Obviously there is no inadequacy of representation in the instant case as presently aligned. Hence, there is no basis for intervention of right under Rule 24(a).

The only remaining feature of the pending motion is movant's claim to intervene under Rule 24(b) on the theory that permissive intervention is justified. The requirement for permissive intervention is that the applicant's claim or defense and the main action have a question of law or fact in common. The matter is one which comes within the court's discretion, and the question presented is whether exercise of the court's discretion in favor of intervention

would unduly delay or prejudice the adjudication of the rights of the original parties. Denial of intervention is approved where the intervener raises no new issues and where the granting of the motion would merely delay adjudication of the case. 4 Moore, supra, page 64.

■ Applicant emphasizes the importance of the issues already raised by the original parties. Under these circumstances applicant can most expeditiously serve its purposes by filing a brief amicus curiae. Such a brief may be filed.

Said motion may be and the same is hereby denied.

It is so ordered.