UNITED STATES of America,
Plaintiff,

v.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS et al., Defendants.

Application of SHENANDOAH VALLEY BROADCASTING, INC., et al., Petitioners,
for the Determination of Reasonable License Fees.

United States District Court
S. D. New York.
Feb. 14, 1962.

See also 202 F.Supp. 339.

Donovan, Leisure, Newton & Irvine, New York City, for petitioners.

Zissu, Marcus & Stein, New York City, for proposed intervenors.

Sullivan & Cromwell and Herman Finkelstein, New York City, for American Soc. of Composers, Authors and Publishers.

RYAN, Chief Judge.

This petition for. leave to intervene [1] has been filed by Miklos Rozsa, as President, and George Duning, as Treasurer, on behalf of the Screen Composers Association, an unincorporated professional association (S.C.A.), and by Leith Stevens as President and David Raksin as

1. Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A.

Treasurer on behalf of the Composers and Lyricists Guild of America, an unincorporated labor union (CLGA), and by George Duning and David Raksin, individually and on behalf of all other members of the American Society of Composers, Authors and Publishers (ASCAP) similarly situated who compose pre-recorded musical material (music used in motion pictures and television films or programs).

The petitioners seek to intervene in pending proceeding brought on by the application of Shenandoah Valley Broadcasting, Inc. et al. filed under the provisions of the ASCAP Consent decree for a compulsory non-dramatic television broadcasting license and the fixation of reasonable royalty fees. The petitioners ask to be made parties in order that they may oppose so much of the application of the said television broadcasters as seeks to have ASCAP issue certain type licenses particularly objectionable to the interveners and that they may present their position and be heard as to the reasonableness of fees should licenses issue. It is the position of the proposed interveners that the representation by ASCAP of the interests of the individual moving parties and of the members of CLGA and SCA is or may be inadequate and that they are now or may be bound by the order finally entered in the compulsory licensing proceedings.

The petition for intervention is based on Rule 24(a) (2).[2]

The petitioners for the most part are participating members of ASCAP. They contend that for years the Board of Directors of ASCAP has been controlled by songwriters and publisher members, and that it has failed to render to the petitioners, background music writers, the fair, proper and just financial distribution to which they feel they are entitled. Due to this and other internal disputes, intervention is sought as of right.

The petitioners must establish that the representation by ASCAP is not or will not be adequate and also that they will or may be bound by a judgment or final determination. The burden on the petitioners is, therefore, twofold. Cameron v. President and Fellows of Harvard College et al., 1 Cir., 157 F.2d 993.

In Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L. Ed.2d 604 (1961), it was written that:

> "The issue of inadequacy of representation could arise on this phase of the case only on some showing that ASCAP, which ostensibly has the same interests as appellants on this aspect of the litigation, were in fact conducting the litigation in bad faith, collusively, or negligently. No such contention has been made." (page 692, 81 S.Ct. page 1314)

Petitioners urge that ASCAP officials, because of conflicting personal interests may not be as diligent or as forceful as possible in contesting the issuance of the particular type licenses sought by the broadcasters. Mere suggestion that ASCAP officials may not be diligent is not sufficient basis for intervention as of right. To be sure, the petitioners are particularly concerned that their interests in this proceeding be defended to the utmost; it does not follow that since the ASCAP organization interests are not all akin to the petitioners that it will not offer an adequate defense of the interests of all of its members. Extremely able and competent counsel have been retained by ASCAP; they have been most faithful to the trust given to them by ASCAP membership, as the record before the Court abundantly establishes.

With the petitioners contending as they do, we are again presented with a situation similar to that in Sam Fox Publishing Co. v. United States, supra. There, some members of ASCAP sought intervention as of right in this suit. The

2. "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the appli- cant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *."

Court, writing in Fox (supra), wrote of the situation at p. 691; 81 S.Ct. at p. 1314:

"In so arguing, appellants, however face this dilemma: the judgment in a class action will bind only those members of the class whose interests have been adequately represented by existing parties to the litigation, Hansberry v. Lee, 311 U.S. 32 [61 S.Ct. 115, 85 L.Ed. 22]; yet intervention as of right presupposes that an intervenor's interests are or may not be so represented. Thus appellants' argument as to a divergence of interests between themselves and ASCAP proves too much, for to the extent that it is valid, appellants should not be considered as members of the same class as the present defendants, and therefore are not 'bound'. On the other hand, if appellants are bound by ASCAP's representation of the class, it can only be because that representation has been adequate, precluding any right to intervene. It would indeed be strange procedure to declare, on one hand, that ASCAP adequately represents the interests of the appellants and hence that this is properly a class suit, and then, on the other hand, to require intervention in order to insure of this representation in fact."

■ Petitioners by becoming members of ASCAP have designated the association as their negotiating (and litigation) representative to those seeking licenses to the copyrighted works of ASCAP's members. The internal commercial interests and differences which may exist between ASCAP and the petitioners are not ground for intervention as of right. ASCAP's representation has not been inadequate. An order entered on the application of the television broadcasters would be external in nature, that is—one concerned with ASCAP's business dealings with the public, and would so bind the interveners. Any consequences arising from such order as would harm the economic position or affect the business interests of the petitioners because of their peculiar position in the industry flow as the result of differences as to the equity of the distribution of royalty fees collected and the understandable divergence of opinion as to the importance of the works of the background music writers. The petitioners will be bound externally as in the case of Sam Fox Publishing Co. v. United States, supra, but not being parties any final determination made will not be res judicata as between them and ASCAP.

Certainly, this proceeding is not the appropriate means to settle such questions.

■ Clause (3) of subdivision (a) of Rule 24 likewise will not benefit the interveners. The proceeding before the Court concerns the granting of a license and the setting of a reasonable fee. The power residing in the Court as a result of the Consent Decree to order the issuance of such license and to set the fee does not constitute a res in court for purposes of intervention as of right.

■ Permissive intervention under Rule 24(b) (2) is likewise denied the interveners. Any "claim or defense" which interveners set forth arises against ASCAP and must be settled apart from this proceeding. The internal relationship between ASCAP and the petitioners will not be an issue in this proceeding.

■ CLGA requests that it be allowed to intervene as of right because any outcome of this proceeding would seriously affect its already existing labor agreements. CLGA is not a party to this action and the labor agreements are not before this court; intervention as of right is denied as not meeting the requirements of Rule 24.

The court will, however, welcome the petitioners in the status of amici curiae, they may file briefs expressing their views and, within limitations, will be heard orally. However, their participation is so limited and they may not examine witnesses nor participate in the taking of depositions.

The petition is denied.

So ordered.