**BEVERLY HILLS FEDERAL SAVINGS AND LOAN ASSOCIATION,**
Plaintiff,

v.

**FEDERAL HOME LOAN BANK BOARD**
et al., Defendants.

Civ. No. 62–305.

United States District Court
S. D. California,
Central Division.

Aug. 21, 1962.

Order Oct. 15, 1962.

O'Melveny & Myers, Rodney K. Potter, Los Angeles, Cal., for defendants H. P. Braman, Thomas N. Clarke, Beth Lytton, Dr. Samuel J. Sills, Bart Lytton, Glenn Wilson and Lytton Financial Corp.

Pollock & Deutz, John P. Pollock, Los Angeles, Cal., for defendants Eugene Webb, Jr., Marguerite R. Webb, Richard Matthews, Jr., Robert C. Rufi, and Eugene C. Jones.

Richard P. Byrne, Los Angeles, Cal., Philip R. Collins, and MacCracken, Collins & Hawes, Washington, D. C., for defendant Federal Home Loan Bank Bd.

Jack Corinblit and Vaughan, Brandlin, Robinson & Roemer, Los Angeles, Cal., for applicants in intervention.

KUNZEL, District Judge.

Bernard and Sylvia Reich, as depositors in the plaintiff savings and loan association, seek to intervene for the purpose of obtaining the imposition of a constructive trust and recovering damages against certain defendants under a shareholder's derivative suit theory. The defendant Federal Home Loan Bank Board (hereinafter called "Board") has filed a counterclaim requesting in part substantially the same relief for the association as that which intervenors seek in their complaint in intervention.

Intervenors contend that they should be granted intervention as a matter of right under F.R.Civ.P. 24(a)(2) in that they are not adequately represented in the suit and that they will be bound by any judgment rendered in the so-called friendly suit between the plaintiff and certain defendants. This contention is grounded on the notion that the Board does not have the right or power to seek the recovery which it claims in its counterclaim.

The Board contends that under the broad power conferred by statute (12 U. S.C.A. § 1464(d)(1) and (2)) bolstered by the doctrine of Parens Patriae, it has the power to institute and maintain its counterclaim against certain defendants and that, therefore, the court has jurisdiction to determine the matter.

The defendants involved oppose intervention for various reasons, principally, (1) that upon realignment of the parties no diversity would exist and there is no independent basis of federal jurisdiction; (2) that the intervenors' interest in the association is not in the nature of a shareholder's interest and that the intervenors' interest, if any, (deposit) in the association was properly redeemed before the institution of intervention proceedings.

The statute under which the right and power of the Board is claimed is very broad, giving the Board authority to apply to the district court " * * * for a declaratory judgment and an injunction or other relief with respect to such controversy, and said court shall have jurisdiction to adjudicate the same as in other cases and to enforce its orders." It would be strange and illogical to say that the Board would not have the right and power under the statute to seek relief on behalf of the association if for instance, money were stolen by management.

In support of the rule that a statute such as here involved gives broad power to the administrative agency, see Mitchell, Secretary of Labor v. Robert De Mario Jewelers, 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960); Los Angeles Trust Deed & Mortgage Exchange v. S. E.C., 285 F.2d 162, 181–182 (9th Cir., 1960); S. E. C. v. H. S. Simmons & Co., Inc., 190 F.Supp. 432 (S.D.N.Y.1951).

Even though the statute here would not support the right and power of the Board to proceed, it would seem to me that under the doctrine of Parens Patriae the Board does possess this authority. See Hopkins Fed. Sav. & Loan Ass'n v. Cleary, 296 U.S. 315, 56 S.Ct. 235, 80 L. Ed. 251 (1935); Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1922); State of Minnesota ex rel. Lord v. Benson, 107 U.S.App.D.C. 106, 274 F.2d 764 (1960).

Counsel for the various defendants in opposing intervention, as I stated before, raised several grounds. However, all of them tacitly admitted that it was their contention and belief that the Board has the right and power to pursue the remedies sought against their respective clients.

In view of the above, the motion to intervene is denied. However, applicants for intervention shall have the right to participate in the case as amici curiae. The form of the order shall be as submitted by Philip R. Collins, Esq. on August, 10, 1962.

### ORDER DENYING LEAVE TO INTERVENE AND GRANTING LEAVE TO APPEAR AS AMICUS CURIAE

This matter having come on for hearing on the Motion of Bernard and Sylvia Reich for leave to intervene in the pending cause of action, and after argument of counsel for all parties and for applicants for intervention and after due consideration, the Court finds that:

1. Applicants have presented no interest on behalf of themselves or the Beverly Hills Federal Savings and Loan Association and the other members of said Association similarly situated, which will not be fully and adequately protected by the defendant, Federal Home Loan Bank Board; and

2. The intervention by the applicants, Bernard and Sylvia Reich would unduly delay and prejudice the adjudication of the rights of the original parties named in the Amended and Supplemental Complaint in the pending cause of action.

Wherefore, it is hereby ordered that said Motion for Leave to File a Complaint in Intervention in this cause of action be and the same is hereby denied; and

It is hereby further ordered that the applicants for intervention may participate in this cause of action in the status of *amicus curiae*, their participation being limited to the offering of oral advice to this Court and the filing of written briefs and accordingly, they may not examine witnesses nor participate in the discovery procedure in this cause of action.