Lillie C. L. PETERSON and First American National Bank of Duluth, as Executrix and Executor of the Estate of Andrew Y. Peterson, also known as A. Y. Peterson, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 5-66-29.

United States District Court
D. Minnesota,
Fifth Division.

Oct. 19, 1966.

**132**

Gault, MacKenzie & Gustafson, by W. M. Gustafson, St. Peter, Minn., for Gustavus Adolphus College, applicant for intervention.

Reavill, Neimeyer, Johnson & Killen, by Joseph B. Johnson, Duluth, Minn., for Lutheran Church of the Good Shepherd, applicant for intervention.

Sullivan, McMillan, Hanft & Hastings, by Edward T. Fride and Donald D. Harries, Duluth, Minn., for plaintiffs.

Patrick J. Foley, U. S. Atty., Minneapolis, Minn., and John G. Melano, Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM ORDER

DONOVAN, District Judge.

Separate and individual motions by Gustavus Adolphus College and Lutheran Church of the Good Shepherd, a religious corporation under the laws of the State of Minnesota, for leave to intervene as plaintiffs herein came on for hearing before the undersigned judge of said court at 1 o'clock in the afternoon of August 24, 1966, in the United States Courthouse, Duluth, Minnesota.

The parties submitted briefs, subsequent to oral argument, at the request of the Court.

Plaintiffs Lillie C. L. Peterson and First American National Bank of Duluth are executrix and executor of the will of Andrew Y. Peterson, deceased. This case arose when plaintiffs claimed a deduction of $92,133.06 for certain charitable bequests in computing federal estate tax. The Internal Revenue Service did not allow the deduction, and plaintiffs paid the alleged deficiency, $27,871.82, including interest, under protest. Plaintiffs are now suing to recover that payment, plus interest, claiming that it was erroneously assessed,[1] since the deduction should have been allowed.

The will of Andrew Y. Peterson establishes two testamentary trusts, with plaintiffs as trustees. Trust A is the marital trust. The residue of the estate, which is the major portion, is included in Trust B.

The will provides that the net income from Trust B shall be paid to Mrs. Peterson for life. In addition, the trustees are to pay up to $10,000.00 to Mrs. Peterson from the principal of Trust B if the principal of Trust A should become exhausted, plus whatever greater amount is advisable to meet her needs. Upon the death of Mrs. Peterson, the principal of Trust B is to be distributed as follows: A sister receives $5,000.00; a niece and six nephews receive $40,000.00; the niece and nephews then receive one-half of the balance of the principal, up to a limit of $50,000.00; the Lutheran Church of the Good Shepherd, Duluth, Minnesota, and the Boy Scouts of America, North Star Council, Duluth, Minnesota, each receive $5,000.00 from the other one-half; the residue of the principal is given to Gustavus Adolphus College, St. Peter, Minnesota.

Gustavus Adolphus College and the Lutheran Church of the Good Shepherd now move to intervene as parties plaintiff to protect their interest as beneficiaries of the testamentary trust. They claim primarily that they are entitled to intervene as a matter of right, pursuant to Rule 24(a) (2),[2] but they also seek permissive intervention pursuant to Rule 24(b) (2).[3]

Rule 24(a) (2) of the Federal Rules of Civil Procedure, as amended recently,

---

1. Title 28 U.S.C. § 1346(a) (1).

2. Rule 24(a) (2), Federal Rules of Civil Procedure.

3. Rule 24(b) (2), Federal Rules of Civil Procedure.

and now in effect since July 1, 1966, governs this case. That rule states:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The parties agree that "the disposition of the action may as a practical matter impair or impede [applicants'] ability to protect" their interests, and that the first prerequisite to intervention under this rule is therefore satisfied. The College will probably receive less money, perhaps $27,871.82 less, if the executors cannot recover the alleged overpayment, and the Church will possibly receive less than $5,000.00.

Thus, the controlling issue is whether the representation of applicants' interests by the existing plaintiffs is adequate.

4. The rule formerly stated:
"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

5. Note the change in wording, the Advisory Committee's Notes, the intended relationship with amended Rules 19 and 23, the apparent addition of the inadequacy requirement to cases formerly covered by Rule 24(a) (3), the general policy of liberalizing Rule 24, and the practical consideration of who is in the best position to bear the burden.

The parties disagree as to whether the amendment to Rule 24(a) removed the burden on an intervenor to show inadequacy of representation, and shifted the burden onto the party resisting intervention to demonstrate adequacy of representation.[4] There are plausible arguments for each position.[5] However, the case need not turn on this difficult issue, since regardless of where the burden lies and despite the lack of affidavits herein, it is the conclusion of this Court that the representation of applicants' interests by the existing plaintiffs is adequate under the law. There is no indication in amended Rule 24(a) or in the Advisory Committee's Note appended thereto, that the substantive meaning of the inadequacy of representation requirement has been changed.[6] Thus, cases defining the requirement are still applicable.

The controlling rule is that representation is adequate if there is no collusion between the representative and an opposing party, if the representative does not have or represent an interest adverse to the applicant, and if the representative does not fail in the fulfillment of his duty.[7]

6. The Court as yet has no knowledge of reported decisions interpreting the Rule as amended.

7. Stadin v. Union Electric Co., 8 Cir., 309 F.2d 912, cert. denied 373 U.S. 915, 83 S.Ct. 1298, 10 L.Ed.2d 415.
    See the decision of this Court in Bisanz Bros., Inc. v. Chicago, Milwaukee, St. Paul and Pacific R. R. Co., D.C.Minn., 20 F.R.D. 353, vacated in Ford Motor Co. v. Bisanz Bros., Inc., 8 Cir., 249 F.2d 22, but cited with apparent approval in the more recent Stadin v. Union Electric Co., supra.
    Compare the earlier, more liberal view of the inadequacy of representation requirement taken in Ford Motor Co. v. Bisanz Bros., Inc., supra at 27–28, and Kozak v. Wells, 8 Cir., 278 F.2d 104, 110, 84 A.L.R.2d 1400. It might also be noted that these two earlier cases involved fact situations in which the interests of representatives and intervenors did not coincide as clearly as they do in the case at bar.

There is no allegation or evidence of any collusion, nor of any nonfeasance or neglect of duty. The record thus far reflects diligence by plaintiffs and their competent counsel.

The applicants for intervention claim that the interests of plaintiffs are adverse to their own. They have alleged that Mrs. Peterson is less interested in this lawsuit because she will be affected less by the outcome; that Mrs. Peterson's interest is conflicting, since she may receive some of the principal of Trust B; that plaintiffs' legal interests are different; that the interests of the individual beneficiaries are different; and that the Bank, as a fiduciary, must represent dual interests, both relatives and residuary legatees. None of these allegations indicates the existence of an adverse interest in the conduct of this lawsuit.

The interests of the plaintiffs, the intervenors, and all the other legatees are the same in this lawsuit. Each has an interest in recovering the tax payment and adding it to the principal of Trust B. Each will benefit thereby, even though the degree of benefit may vary. Mrs. Peterson will receive the income earned on this sum, if recovered, and this sum will provide further security if Trust A should ever be exhausted. The other beneficiaries of Trust B obviously have the same interest in preserving the principal thereof. The Bank has its fidu-

ciary duty to fulfill, and probably has an economic interest in the size of the estate.

It is well established that when the interests of applicant and his representative in the outcome of the lawsuit are identical, their interests are not adverse so as to make representation inadequate, even though they may be in conflict in other respects.[8] Interests may be different without being adverse.

■ It has been held under this general rule that remaindermen under a trust had no absolute right to intervene on the ground that representation by trustees might be inadequate,[9] and that heirs of an estate had no absolute right to intervene on the ground that representation by co-executors might be inadequate.[10] Such relationships would not necessarily preclude intervention in a proper case, where the interests in a lawsuit were actually adverse,[11] but the case at bar is not such a case.

If the Church and the College were entitled to intervene here, it would follow that all the other residuary legatees would also be entitled to intervene if they so desired. In addition, such a holding on these facts would be in effect a holding that all beneficiaries, heirs, legatees, etc., are entitled to intervene as a matter of right in any case where they feel that their representative may not represent them adequately. Such is not the law.

8. Stadin v. Union Electric Co., supra note 7, 309 F.2d at 919;
   Kind v. Markham, D.C.S.D.N.Y., 7 F.R.D. 265;
   Ratermann v. Ratermann Realty & Investment Co., Mo.App., 341 S.W.2d 280, 289 (Missouri Rule identical to Rule 24(a)(2));
   Archer v. United States, 10 Cir., 268 F.2d 687;
   United States v. American Society of Composers, Authors & Publishers, D.C.S.D.N.Y., 202 F.Supp. 340, 342;
   See Farmland Irrigation Co. v. Dopplmaier, 9 Cir., 220 F.2d 247; Beverly Hills Federal Savings & Loan Assoc. v. Federal Home Loan Bank Board, D.C.S.D. Cal., 33 F.R.D. 292;

Annotation, 84 A.L.R.2d 1412, 1421;
See also State of New Jersey v. State of New York, 345 U.S. 369, 73 S.Ct. 689, 97 L.Ed. 1081.
International Mortgage & Investment Corp. v. Von Clemm, 2 Cir., 301 F.2d 857;
Atlantic Refining Co. v. Standard Oil Co., 113 U.S.App.D.C. 20, 304 F.2d 387.

9. Kind v. Markham, supra note 8;
   See also Annotations, 2 A.L.R.2d 227 and 84 A.L.R.2d 1412, 1426.

10. Ratermann v. Ratermann Realty & Investment Co., supra note 8.

11. See Advisory Committee's Note to the amended Rule 24(a).

Other considerations support the conclusion that applicants have no absolute right to intervene. Their proposed complaints in intervention merely adopt and incorporate by reference all the allegations and prayers of plaintiffs' complaint, and add nothing new to the case.[12] If the representatives prevail in the lawsuit, applicants will be in as good a position as if they were parties,[13] for they could obtain no judgment even if the motion to intervene were granted.[14]

■ Counsel for plaintiffs stated at the hearing that plaintiffs had no objection to the intervention. But consent of the representatives does not entitle one to intervention as a matter of right.[15]

■ Applicants urge that Rule 24(a) is to be liberally interpreted.[16] The United States District Court for the District of Minnesota has traditionally followed this philosophy. "Liberality, however, does not equate with rights of in-discriminate intervention."[17] The bounds of the Rule are to be observed.[18]

■ Applicants further urge that the Court in its discretion permit them to intervene pursuant to Rule 24(b) (2), providing for permissive intervention.[19] It is doubtful whether this Rule was intended to apply to this situation, where the applicants desire merely to assist in asserting the same claim already asserted by their representatives.[20] But even assuming it is applicable, this Court must deny intervention in the exercise of its discretion, for the foregoing reasons, and for the further reason that intervention would only serve to unduly delay the disposition of the action.

The applicants for intervention can most expeditiously serve their purposes by filing briefs *amici curiae*.[21] Such briefs may be filed at the appropriate time.

The motions to intervene are denied.

It is so ordered.

12. Kind v. Markham, supra note 8, at 267;
Farmland Irrigation Co. v. Dopplmaier, supra note 8, at 249;
See also Atlantic Refining Co. v. Standard Oil Co., supra note 8, at 393.

13. See Ocean S.S. Co. v. Allen, D.C.N.D. Ga., 36 F.Supp. 851, 852;
Kind v. Markham, supra note 8, at 266;
Ratermann v. Ratermann Realty & Investment Co., supra note 8, at 289.

14. See Ocean S.S. Co. v. Allen, supra note 13, at 852.

15. See Kind v. Markham, supra note 8, at 266.

16. Twentieth Century-Fox Film Corp. v. Jenkins, D.C.S.D.N.Y., 7 F.R.D. 197;
United States v. C. M. Lane Lifeboat Co., D.C.E.D.N.Y., 25 F.Supp. 410.

17. Stadin v. Union Electric Co., supra note 7, at 918.

18. See Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604.

19. Rule 24(b) (2), Federal Rules of Civil Procedure, states:
"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

20. Kind v. Markham, supra note 8, at 266.

21. Such a practice is commonly followed in these cases.
See Bisanz Bros. Inc. v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co., supra note 7, at 355;
Kind v. Markham, supra note 8, at 267;
Beverly Hills Federal Savings & Loan Assoc. v. Federal Home Loan Bank Board, supra note 8, at 294;
Ocean S.S. Co. v. Allen, supra note 13, at 852.