Betty **LEVIN**, Alleghany Corporation and Robert LeVasseur, Plaintiffs,

v.

**MISSISSIPPI RIVER CORPORATION, Missouri Pacific Railroad Company, Robert H. Craft, T. C. Davis and Thomas Milbank, Defendants.**

No. 67 Civ. 5095.

United States District Court
S. D. New York.
July 15, 1969.

See also, D.C., 289 F.Supp. 353.

Orans, Elsen & Polstein, New York City, for plaintiff Betty Levin, Sheldon H. Elsen, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff Alleghany Corp.; M. Lauck Walton, New York City, of counsel.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiff Robert Le-Vasseur; William E. Haudek, New York City, of counsel.

Leon Leighton, New York City, for defendant Mississippi River Corp.

Sullivan & Cromwell, New York City, for defendant Missouri Pacific Railroad Company; Edward W. Keane, Michael M. Maney, New York City, of counsel.

Leventritt, Lewittes & Bender, New York City, for Rosalie J. Leventritt, and another, intervening plaintiffs; Sidney Bender, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

This motion by Rosalie J. Leventritt and Rosalie L. Berner [1], for intervention as of right or alternatively for permission to intervene pursuant to Fed.R. Civ.P. 24(a) and (b) is hereby denied.

The action was commenced by Betty Levin, a holder of Class B common

---

1. In the interest of convenience, the applicants or movants (who are acting as surviving trustees under the will of Edgar M. Leventritt, deceased) will be referred to as "Leventritt" or applicant.

stock of Missouri Pacific Railroad Co. (hereinafter "MoPac"), on behalf of herself, representatively on behalf of all other Class B shareholders of MoPac, and derivatively on behalf of MoPac, against MoPac, Mississippi River Corporation (hereinafter ("Mississippi")— holder of a majority of the Class A stock of MoPac—and three of the fifteen directors of MoPac.

This Court, on consent of the plaintiff, granted leave to intervene as of right to Alleghany Corporation—beneficial owner of a majority of the Class B stock of MoPac—on May 2, 1968, and to Robert LeVasseur—a holder of Class B stock—on September 24, 1968.

The Levin complaint alleges that there are 1,852,977 shares of Class A stock and 39,731 shares of Class B stock; that about 59% of the Class A stock is presently owned by Mississippi; that Article VII D(4) of MoPac's "Articles of Association" provides that each share of Class A stock and each share of Class B stock "shall have the same voting power"—i. e., one vote per share; and, therefore, Mississippi controls the election of each of the members of MoPac's Board of Directors and, in addition, "Mississippi controls and dominates the affairs of MoPac, and has done so throughout the period when the matters complained of by plaintiff occurred."

The Levin complaint charges that "[i]n breach of its fiduciary obligations to MoPac and to MoPac's Class B stockholders, Mississippi, acting in concert with the individual defendants and the other directors of Mississippi and Mo-

Pac, has entered upon, and is in the process of carrying out, an unlawful scheme to enrich itself by depriving MoPac's Class B stockholders of their rightful share of MoPac's earnings, and by destroying the Class B stockholders' valuable residual equity in MoPac * * *."

As part of this "scheme", it is alleged, inter alia, that in spite of MoPac's "sound" financial condition, "grossly inadequate" dividends have been paid on the Class B stock; excessive surpluses have been accumulated by MoPac; a "predatory" "Plan of Consolidation" was attempted; Mississippi and its directors have "publicly denigrated" the MoPac Class B stock; and Mississippi has failed and refused to permit MoPac to take steps to reduce MoPac's increasing federal income tax burden.[2]

The Levin complaint seeks, inter alia, (1) an order directing MoPac's Board of Directors to declare, and MoPac to pay, judicially determined "just and reasonable" dividends on the Class B stocks for the years 1955–1967; and (2) an injunction restraining Mississippi and MoPac's Board of Directors " * * * from the illegal, oppressive, and arbitrary use of their power to withhold dividends on the MoPac Class B stock * * " and requiring "adequate dividends" to be declared and paid in the future. The complaint also requests the court to retain jurisdiction over the action to insure compliance with its judgment.

The Alleghany Corporation complaint alleges essentially the same facts (omitting the facts pertaining to the federal income tax burden) and seeks the iden-

---

2. The Levin complaint charges that replacement of Class A shares with interest-bearing securities will result in substantial federal income tax savings to MoPac; that such replacement has not taken place because the present capital structure benefits defendant Mississippi; and that maintenance of the capital structure, as is, is a waste of MoPac's assets. These allegations are, however, incorporated in the complaint simply to spell out Mis-

sissippi's abuse of its control of MoPac and thus add confirmatory strength to the complaint's accusation that the dividend policy was also the result of a pattern of abuse by Class A shareholders. No relief is sought by the Levin complaint on the basis of this particular alleged waste of assets; and counsel for Betty Levin and the intervening plaintiffs have stated that no recapitalization of MoPac is sought.

tical relief. Alleghany, however, brings suit only representatively, and not derivatively.

The LeVasseur complaint alleges essentially the same facts (also omitting the facts pertaining to the federal income tax burden) and seeks the identical relief. In addition, it seeks to hold Mississippi and the directors of MoPac accountable for the costs, expenses and damages incurred by MoPac in connection with the litigation concerning the unsuccessful consolidation plan. LeVasseur brings his action representatively and derivatively.

On October 9, 1968, Judge Bryan determined that the action of plaintiff and intervenor plaintiffs was maintainable as a class action under Fed.R.Civ.P. 23(a), (b) (1) and (b) (2) and ordered the issuance of appropriate notice to members of the class.

By the present motion, applicant, holder of 45 shares of Class B stock in MoPac, seeks to intervene as of right in the above-described action or alternatively with the permission of the court, in order to assert certain additional claims.

Applicant has filed "a pleading setting forth the claim or defense for which intervention is sought" pursuant to Fed. R.Civ.P. 24(c). The complaint in intervention incorporates by reference the complaint of intervening plaintiff LeVasseur. The additional and different claims presented and relief sought are the following:

(1) That to protect Class B stock and MoPac, the Court should either appoint a receiver to operate MoPac, or require that the MoPac Board of Directors be elected by Class B shareholders "so long as Class A stock receives its $5 per share dividend.";

(2) That in the best interests of MoPac the Board of Directors should "permit" the Class A stockholders to exchange their shares for long term debentures bearing interest at the rate of 7% or more [3]; and

(3) That Mississippi should divest itself of its Class A stock because Mississippi is in competition with MoPac in violation of the antitrust provisions in 15 U.S.C. §§ 1, 2 and 18.

■ Before a Court will grant an applicant leave to intervene in an action as of right, the applicant must show (1) an interest in the transaction or property, (2) which the applicant may be impeded in protecting because of the action, and (3) which is not adequately represented by existing parties. Fed.R. Civ.P. 24(a). *See e. g.,* Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694, 699 (1967).

While under former rule 24 a prerequisite to intervention as of right was that the applicant be bound by the judgment in the main action, the present rule sets up a more liberal and less technical test for intervention as of right, so that in certain situations even a claim of possible *stare decisis* consequences may warrant grant of intervention. *See, e. g.,* Nuesse v. Camp, *supra,* 385 F.2d at 702.

In the case at bar, however, aside from merely conclusorily pleading the language of rule 24(a), petitioner has failed to show how a determination of the issues in this action, as presently pleaded, can in any manner affect his request for admittedly "different" relief. [Affidavit of Sidney Bender, sworn to December 19, 1968, ¶ 4.].

---

3. Although the proposed Leventritt complaint attempts to explain the economic rationale for converting Class A stock into interest-bearing debentures, the prayer for relief demands nothing relating to this allegation of corporate waste. In a letter to the Court, however, applicant Leventritt has indicated that she is requesting the Court to order MoPac's Board of Directors to apply to the Interstate Commerce Commission for a modification of MoPac's capital structure.

## 298

The complaints in the case at bar seek an order directing the directors of MoPac to declare and pay dividends to Class B stockholders, and damages resulting from the losses sustained by MoPac in connection with the unsuccessful consolidation plan. Nothing which will ultimately be adjudicated in this action will in any way impede or impair petitioner's ability to bring an action representatively and/or derivatively to place MoPac in receivership; to effectuate a recapitalization of MoPac stock; or to declare Mississippi's control of Class A stock to be in violation of the antitrust laws.

Applicant does not contend that she and the Class B shareholders will be inadequately represented with respect to the allegations which already form the basis of the complaints herein. Alleghany, a holder of 52% of the Class B stock, has a substantial economic interest in the successful prosecution of this action. Counsel for all parties-plaintiff are recognized experts in this area of the law. No proof of collusion between plaintiffs and defendants has been offered or intimated; nor has there been a showing that plaintiffs represent some interest adverse to that of applicant; nor has applicant alluded to any nonfeasance in plaintiffs' duties as representatives of the class. *See e. g.,* Kind v. Markham, 7 F.R.D. 265 (S.D. N.Y.1945); Peterson v. United States, 41 F.R.D. 131 (D.Minn.1966); Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694 (1967).

Applicant mistakenly believes that, because the present parties-plaintiff will not consent to an expansion of the action to include applicant's claims, she, and consequently the members of the class, and MoPac, are being inadequately represented. As the Court has observed,

there is no "right" to intervene under Fed.R.Civ.P. 24(a) unless the disposition of the main action will in some way, practically or otherwise, impair the applicant's ability to protect her interest in the subject matter of the action. Where such an effect will not result from disposition of the main action, no intervention as of right is warranted; and one need not even reach the question of adequate representation. Applicant, if so advised, can commence a separate action pressing her claims on behalf of herself, Class B shareholders and Mo-Pac.

Accordingly, applicant's motion to intervene as of right is hereby denied.

Rule 24(b) provides that anyone may be permitted to intervene if his claim and the main action have a common question of law or fact. The rule explicitly directs the Court, in exercising its discretion, to consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24 (b).

There can be no doubt that, in order for the present applicant for intervention to prevail on her claims, she would have to prove at trial some facts which must necessarily be proven at the trial of the instant action. There are, consequently, in the language of Rule 24(b), issues of fact in common.

But the relief sought by applicant involves many more and fundamentally different factual and legal issues, which, if injected into the instant action, would greatly expand the scope of proof at the trial.

Applicant's antitrust cause of action poses issues of fact and law wholly unrelated to the existing claims.[4]

---

4. Applicant contends that the antitrust cause of action she seeks to assert revolves around the abuse by Class A stockholders of their majority position in MoPac to

the detriment of Class B shareholders and MoPac, and that consequently, intervention is proper because the complaints already filed likewise revolve around the

The appointment of a receiver, a radical remedy, Ferguson v. Tabah, 288 F.2d 665, 674 (2d Cir. 1961), would require proof of many more facts than is required in order to secure a declaration of dividends, and would introduce a new, complex question of law not raised by the present complaints.

Applicant's proposed recapitalization scheme would also entail proof extending far beyond the scope of the evidence germane to the instant complaints. Moreover, it is doubtful whether the district court has jurisdiction over the recapitalization of MoPac. *See* 49 U.S.C. § 20a (7), 20b (Supp.1969); Schwabacher v. United States, 334 U.S. 182, 197, 68 S.Ct. 958, 92 L.Ed. 1305 (1948).

The Court concludes that, to allow applicant to intervene, would greatly complicate the present litigation, would involve the trial of collateral issues unduly delaying resolution of the issues raised by the original parties, and would consequently prejudice their rights. Cf. Lipsett v. United States, 359 F.2d 956 (2d Cir. 1966).

Any possible duplication in the trial of facts which may result from the denial of leave to intervene is outweighed by the prejudice and delay which intervention is bound to cause.

Although not conclusive by any means, it is appropriate for the Court to note and consider the fact that the present plaintiffs oppose intervention on the grounds which form the basis of this Court's opinion. *See, e. g.*, Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 207 F.Supp. 252, 257 (N.D. Ill.1962), aff'd, 315 F.2d 564 (7th Cir. 1963), cert. denied sub nom. Illinois v. Commonwealth Edison Co., 375 U.S. 834, 84 S.Ct. 64, 11 L.E.2d 64 (1963).

Accordingly, applicant is hereby denied permission to intervene pursuant to Fed. R.Civ.P. 24(b).

The motion is denied in all respects.

So ordered.

---

relationship between Class A and Class B stock.

Although there is abstract logic to applicant's contention, as a practical matter of trial proof and resolution of legal issues, applicant has failed to show how her antitrust cause of action has *any* well-defined issues in common with the complaints in ths action. The circumstance that the motive behind the failure to declare dividends and the alleged restraint of trade is allegedly identical does not alter the more significant fact that the claims share no other grounds of identity.