FINANCE COMPANY OF AMERICA,
a corporation, Plaintiff,
and
City Council of the City of Monessen and
Police Pension Fund of the City of
Monessen, Intervening Plaintiffs,

v.

PARK HOLDING CORPORATION and
Klondike Finance Corporation,
Defendants.

Civ. A. No. 73-145.

United States District Court,
W. D. Pennsylvania.

Aug. 20, 1973.

B. A. Karlowitz, Pittsburgh, Pa., for plaintiff.

J. Donald Cook, Pittsburgh, Pa., for intervening plaintiffs, Monessen.

Wm. J. Franks, Uniontown, Pa., for movants, Firmani.

Foster S. Goldman, Jr., Pittsburgh, Pa., for defendant, Park.

Hillard Kreimer, Pittsburgh, Pa., for trustee of bankruptcy, Klondike.

## MEMORANDUM ORDER

WEBER, District Judge.

The City Council of the City of Monessen (hereinafter City Council) and the Police Pension Fund of the City of Monessen (hereinafter Pension Fund) moved for leave to intervene as plaintiffs in this action on three grounds: (1) that they claimed an interest relative to the property and transaction which are the subject matter of the action; (2) that they were so situated that the disposition of the action without their intervention might as a practical matter impair or impede their ability to protect that interest; and (3) that their interest was not adequately protected by the original party plaintiff. It appears that no objection to the intervention of City Council and Pension Fund was raised by any of the parties then of record. An order of Chief Judge Rabe F. Marsh dated February 20, 1973 granted City Council and Pension Fund leave to intervene.

Subsequent to their intervention City Council and Pension Fund alleged that several additional parties defendant were necessary parties to the suit. The intervening plaintiffs filed a motion to amend their complaint to join the additional defendants under Rule 19 of the F.R.Civ.P. No objection was raised by any of the original parties to the action and the motion to amend was granted. The motion contained no jurisdictional allegations, however, and the additional defendants promptly moved for dismissal for lack of diversity jurisdiction.

At a hearing on the motions to dismiss it was determined that each of the additional defendants was a citizen of Pennsylvania. Because both intervening plaintiffs were also Pennsylvania entities the additional defendants' motions were granted. Allowing their joinder would have ousted this court of the jurisdiction it acquired through the diversity of the original adversaries.

At the same hearing the Court considered motions to intervene as plaintiffs by two additional parties, Frank Firmani and Ronald Firmani. Objections to their motion were filed by the then present additional defendants. We now consider the Firmanis' motion to intervene and the status of original intervenors City Council and Pension Fund.

Both City Council and Pension Fund possess Pennsylvania citizenship. Frank and Ronald Firmani are also citizens of Pennsylvania. The original plaintiff is a Delaware corporation with its principal place of business in Maryland and both original defendants are Pennsylvania corporations.

Since the inclusion of City Council and Pension Fund there has no longer been complete diversity between all parties plaintiff and all parties defendant. The intervening plaintiffs and the proposed intervenors argue, however, that ancillary jurisdiction will support their participation in this action. They assert that no independent basis of jurisdiction is required if the intervenor's claim is sufficiently ancillary to the original subject matter.

Rule 24 of the F.R.Civ.P. is silent as to jurisdictional requirements. Intervention as of right under Rule 24(a)(2) may not require any ground of jurisdiction independent of that supporting the original action (3B Moore's Federal Practice (2d ed.) sec. 24.18(1)) because the grounds for allowance of intervention as of right may also establish the grounds for exercise of ancillary jurisdiction. A claim sufficiently ancillary to the main cause may be heard regardless of the citizenship of the parties, the amount in controversy, or any other factor which would normally determine jurisdiction. 7A Federal Practice and Procedure, Wright and Miller (1972), sec. 1917, p. 587. But the question here is whether the claims of the intervening plaintiffs and/or those of the proposed intervenors are so related

to the subject matter of the original controversy as to render appropriate the assumption of ancillary jurisdiction by this court.

The complaint of the original plaintiff asserts a claim of debt against the defendants. Likewise, the intervening plaintiffs and the proposed intervenors assert claims of debt against the defendants. But the transactions and the instruments on which the intervening plaintiffs seek to recover are completely separate from and unrelated to the transactions and instruments on which the original action is based. The complaints of the intervening plaintiffs assert no right or interest in the claim on which the original plaintiffs sued. Similarly, the proposed intervenors make claims unrelated to the original plaintiff's cause and assert no interest in the original plaintiff's claim. Nor does the complaint of any intervening party reveal any circumstances under which without its intervention a determination on the original plaintiff's action could directly affect issues in its own action.

 This court has not discovered how, in light of the above outlined circumstances, it can be said that any intervenors may face impairment of their ability to protect their interests in the debts which they claim against the defendants. It is possible, of course, that early recovery by the original plaintiff on a judgment against the defendants could affect the ability of the defendants to satisfy any other judgment later rendered against them. It does not appear to this court that this possibility can of itself establish between the original claim and any intervening party's claim a nexus sufficient to support the exercise of ancillary jurisdiction. If the argument supporting intervention in this action were followed to its logical conclusion, every non-diverse creditor of a defendant debtor in a diversity suit could be permitted to try his own unrelated claim in the original diversity action. Even the favored liberal interpre-

tation of Rule 24(a)(2) does not require that rights of indiscriminate intervention be recognized. Peterson v. United States, D.C.Minn.1966, 41 F.R.D. 131, 135; see also 7A Federal Practice and Procedure, Wright and Miller (1972), sec. 1904, p. 474.

A distinction is generally drawn between intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b). It has been observed that intervention as of right cases supply the requirements for the exercise of ancillary jurisdiction and that permissive intervention cases do not. As Professor Wright has said,

[T]here must be independent jurisdictional grounds for permissive intervention under Rule 24(b) . . . . as indeed the courts have held. Independent grounds ordinarily will exist if the intervenor relies on a conditional statutory right to intervene. Thus the problem reduces itself to those situations in which the intervenor's claim has a question of law or fact in common with the main action. 7A Federal Practice and Procedure, Wright and Miller (1972), sec. 1917, pp. 592–93.

It was never determined in this case that the intervening plaintiffs established their status as intervenors as of right under Rule 24(a)(2). Indeed, the facts recited above would not, for the reasons cited above, support a motion to intervene as of right. The facts do, however, make possible a consideration of permissive intervention for the intervening plaintiffs and for the proposed intervenors. But permissive intervention requires independent jurisdictional grounds.

The rule of complete diversity would be virtually obliterated, and the federal courts would be burdened with the decision of many matters that are properly the business of the state courts, if so tenuous a relationship as the existence of a common question of fact on law were enough to dispense

with ordinary requirements of jurisdiction and permit litigants to have their independent claims or defenses tried in federal court though, absent intervention, they would not have been able to do so. 7A Federal Practice and Procedure, Wright and Miller (1972), sec. 1917, p. 593.

The Complaint of the intervening plaintiffs and the motions to intervene as plaintiffs will be dismissed and denied for lack of diversity jurisdiction.