Michael WELLER, David Mamet, Romulus Linney, Barbara S. Graham, John Olive and James Childs, Plaintiffs,

v.

ACTORS' EQUITY ASSOCIATION, an unincorporated association, Defendant.

No. 80 Civ. 6084 (RWS).

United States District Court,
S. D. New York.

Aug. 7, 1981.

## MEMORANDUM OPINION

SWEET, District Judge.

Various individual members of Actors Equity Association ("AEA") bring this motion for intervention as of right, Fed.R. Civ.P. 24(a)(2) or, alternatively, for permissive intervention, Fed.R.Civ.P. 24(b)(2). In their motion, the applicants also seek a temporary restraining order to prevent the parties to the main action from entering into a consent judgment. The motion will be denied in its entirety.

Plaintiff playwrights brought suit against the AEA, alleging that the AEA's practice of imposing liens against showcase productions violates the Sherman Act, §§ 1, 2, 15 U.S.C. §§ 1, 2, the National Labor Relations Act, 29 U.S.C. § 151 et seq. and common law. In July, 1981, the parties agreed to enter into a consent judgment pending certain technical revisions to the proposed settlement. The applicants here move to intervene and for a temporary restraining order on the grounds that counsel for the AEA has not yet submitted the proposed settlement for ratification by union membership and, if a consent judgment is entered without such ratification by union members, counsel for the AEA would allegedly violate the provisions of the AEA constitution, thus giving rise to a suit in federal court under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and common law contract principles, as well as breach its duty of fair representation.

The applicants have failed to date to show that entry into the consent judgment by the parties to the primary action may impair their ability to protect their interests as a practical matter, see United States v. City of Jackson, Mississippi, 519 F.2d 1147, 1150–1151 (5th Cir. 1975). Furthermore, they have failed to show in the present state of the negotiations that their interests are not adequately represented by the existing parties, see United States v. American Society of Composers, Authors & Publishers, 202 F.Supp. 340 (S.D.N.Y.1962); they have merely asserted conclusory allegations that counsel may enter into a settlement without consulting the union. They must establish both to show entitlement to intervention as of right under Fed.R.Civ.Pro. 24(a)(2) and leave to renew this motion on a further showing is granted. In any case they have alternative remedies available to them such as a suit in state or federal court should the AEA in fact violate its constitution or any of the labor laws.

Applicants also thus far failed to show that their claim, which essentially involves an intra-union dispute, shares a question of law or fact in common with the main action as they must to establish a basis for this court to permit intervention under Fed.R.Civ.Pro. 24(b)(2). Mere interest in the subject matter or outcome of the primary case is not enough. Liberty Mutual Ins. Co. v. Pacific Indemnity Co., 76 F.R.D. 656 (W.D.Pa.1977); United States v. ASCAP, supra, at 343; True Gun-All Equipment Corp. v. Bishop International Engineering Co., 26 F.R.D. 150 (E.D.Ky. 1962).

As counsel for the AEA has represented in an affidavit and at oral argument that the proposed settlement would be submitted to the membership for commentary and that the AEA would not enter into a consent judgment opposed by the membership, this court will not grant the temporary restraining order requested by the applicants.

The court, in denying the present motion, expresses no view as to the merits of applicants' claims or as to their standing to challenge AEA counsel's method of procedure.

IT IS SO ORDERED.