**Helen J. WODECKI, Plaintiff,**

v.

**NATIONWIDE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 84–193 ERIE.**

United States District Court, W.D. Pennsylvania.

Aug. 26, 1985.

William J. Kelly, Craig A. Markham, Erie, Pa., for plaintiff.

Theodore B. Ely, II, Erie, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

In this action to recover health insurance benefits from defendant, Nationwide Insurance, plaintiff received a jury verdict in the amount of $8,200. Following the entry of judgment, this court permitted Hamot Medical Center to file a claim for intervention in an order dated March 15, 1985. Plaintiff now moves to dismiss Hamot's claim of intervention. Both parties have supplied the court with briefs in support of their respective positions.

Plaintiff first argues that this court lacks subject matter jurisdiction over Hamot's claim for intervention because:

a) the underlying action against Nationwide has been terminated and satisfied of record on March 27, 1985, and

b) Hamot's claim for intervention does not have an independent jurisdictional basis since the parties are not diverse and the amount in controversy does not exceed $10,000.

■■■ Fed.R.Civ.P. 24(a)(2) provides that "[u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." This section of Rule 24 is entitled "Intervention of Right." Although the rule is silent as to jurisdictional requirements, case law supports the conclusion that no independent grounds of jurisdiction are necessary where the court has jurisdiction over the main case and the intervention is of right rather than permissive. *Finance Company of America v. Park Holding Corporation*, 60 F.R.D. 504 (W.D.Pa.1973); *Jet Traders Investment Corp. v. Tekair, Ltd.*, 89 F.R.D. 560 (D.Del. 1981). In intervention of right cases, the court has ancillary jurisdiction over the intervention claim. In permissive intervention situations under Fed.R.Civ.P. 24(b), the court requires independent jurisdictional grounds.

■■■ Hamot claims that it is intervening as of right under Fed.R.Civ.P. 24(a)(2) since the disposition of the judgment monies currently in the possession of the court would as a practical matter negate its ability to protect its interest in these monies, and since Hamot's interests are not represented by either of the parties to this suit. Hamot's interest in the "property" or judgment monies is based on its claim of a contractual assignment of any insurance benefits which Mrs. Wodecki, plaintiff, would recover in this action.[1] Hamot recites facts[2] which make obvious Hamot's concern that disposition of the monies in this action by the court could affect Hamot's ability to satisfy any other judgment which Hamot might later achieve against Mrs. Wodecki.

This court has earlier held that the possible inability to satisfy a judgment not yet rendered does not of itself establish a sufficient nexus to support the exercise of ancillary jurisdiction over a claim of intervention. *Finance Company of America, supra* at 506. Hamot argues that a sufficient nexus exists in this case between Hamot's claim of intervention and Mrs.

---

**1.** On August 6, 1984, Hamot filed suit against Mrs. Wodecki in the Court of Common Pleas of Erie County, PA at No. 3046A of 1984 to collect from her the costs and expenses of her hospitalization. This state court action has not yet been resolved or reduced to judgment.

**2.** Hamot indicates in its brief that:
(a) On or about December 31, 1984, Mrs. Wodecki conveyed several pieces of property, one to her son, Kenneth, individually, and a second to her son Kenneth and his wife Donna;

(b) On or about January 2, 1985, Mrs. Wodecki executed a judgment note in the amount of $20,000 in favor of Elderkin, Martin, Kelly, Messina and Zamboldi, P.C.;
(c) On January 8, 1985, Mrs. Wodecki's attorney attempted to revoke her previous assignment of insurance proceeds to Hamot. Hamot therefore commenced a second action, in equity, alleging that the conveyances of the parties were fraudulent on Hamot's interests.

**120**

Wodecki's claim against Nationwide "since Mrs. Wodecki's suit arises out of her admission to Hamot ... [and] Hamot is simply seeking to recover for this admission." Hamot's Brief at 7.

We do not agree with Hamot's characterization of the two claims. Rather the disposition of Mrs. Wodecki's case depended on the terms of her contract with Nationwide. Her admission to a hospital and resulting medical costs were merely conditions precedent which triggered Nationwide's duty to perform under that contract. Hamot's claim for hospital costs and expenses arises *inter alia* from a subsequent agreement with Mrs. Wodecki assigning health care benefits to Hamot. The fact that Mrs. Wodecki's inpatient hospitalization costs were a necessary item of proof of damages in this case, as well as in Hamot's state court claim, while possibly sufficient to support permissive intervention under Fed.R.Civ.P. 24(b)(2), if timely filed, do not provide a sufficient nexus to establish intervention of right. Hamot may more expeditiously complete the litigation of its claims in the pending state action.[3]

Since permissive intervention under Fed.R.Civ.P. 24(b)(2) requires independent grounds for jurisdiction which do not exist on Hamot's claim, plaintiff's motion to dismiss Hamot's intervention claim will be granted.

An appropriate order will issue.

---

**3.** Cross-motions for summary judgment have been filed, argued and denied by the state court. Proceedings in this court would appear to be duplicative.