**James O. GREGERSEN, Plaintiff,**

v.

**The AETNA CASUALTY & SURETY COMPANY, Defendant.**

United States District Court
S. D. New York.

Feb. 7, 1964.

Long, Kors, Albert & Glinert, New York City (Robert Long and Harold Rosenstein, New York City, of counsel), for plaintiff.

Allen M. Taylor, New York City, for defendant.

THOMAS F. MURPHY, District Judge.

During trial to a jury in which plaintiff was ultimately awarded a verdict of $14,500 the court, on its own motion, raised the question of a possible lack of the required jurisdictional amount. Briefs by both sides were submitted.

The gravamen of plaintiff's diversity suit was a bad faith refusal by defendant to settle a claim against him within the limits of plaintiff's policy, as a consequence of which a judgment was entered against him in an amount $14,500 above

the $50,000 limit of his policy. The amount prayed for in the complaint was $14,500.

█ Upon reflection, our doubts respecting jurisdictional amount seem ill-founded. There are but two narrow questions to answer on objections to jurisdictional amount: (1) Was the allegation made in good faith, and (2) Was it a legal impossibility for the plaintiff to recover more than $10,000? Our answers to these questions are yes and no respectively. As to the first, good faith was never questioned and as to the second, it is clear that at the time this complaint was filed no court in New York had ruled on the damages aspect of a cause of action of the type here alleged. Consequently, even though a federal court may be called upon to decide what New York would say on the point the decision would amount to no more than a guess, albeit an educated one. In any event, a guess of any kind does not, in our opinion, meet the legal certainty test and therefore as far as jurisdiction is concerned there has been no error. Cf. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

█ The sufficiency of the proof of damages alleged and awarded is yet another problem. Certainly there can be no question with respect to the amount actually paid by plaintiff in partial satisfaction of the excess judgment, to wit, $10,000. The question remains whether or not the entire amount was collectible on the proof offered in this case. We think yes. Again there are no state court cases squarely in point.

In Harris v. Standard Accid. & Ins. Co., 297 F.2d 627 (2d Cir., 1961) our court of appeals was presented with this same problem. In that case, however, the plaintiffs were insolvent before rendition of the excess judgment against them, had paid no part of it and had been discharged from any further obligation to pay it. The court held that under such circumstances the existence of the excess judgment constituted no actual damage to plaintiffs and dismissed the complaint for failure of proof. The court was very careful to point out, however, that its holding was not the equivalent of saying that damage can never arise merely on the rendition of a judgment but only on payment of it. Id. at p. 633.

In the present case none of the circumstances pointed to in the Harris holding is present, that is to say, the plaintiff here was at all times solvent, had in fact paid part of the excess judgment and has not been discharged by release or otherwise from paying the remainder. Under such circumstances we can see no point in requiring the plaintiff to prove actual payment. The duty and ability to pay an enforceable judgment seems proof enough to us of financial damage. The possibility of a windfall to plaintiff does not impress us. If the holder of the judgment against plaintiff refrains from enforcing it we fail to see how the insurance company can be heard to complain. After all, the basis of its liability is bad faith.

It may be noted also that to insist on actual payment might run contrary to a plaintiff's duty to mitigate damages, for it is not yet clear whether or not a plaintiff in a case of this type may recover for the loss of use of money collected under the excess judgment. If it is an element of damages the failure to pay, even though able to, would seem desirable from the defendant's point of view.

A final note should be made on the question of attorney's fees, for the ad damnum clause of the complaint prays for them. There is no authority for the award of such fees which are sustained in the prosecution of the bad faith cause of action. Those incurred in connection with the defense against the original suit may very well be an element of recovery in the instant type case. It is unnecessary, however, to decide this since in the present case there was absolutely no proof offered on this point.

Accordingly, let a judgment be entered in favor of the plaintiff in the sum awarded by the jury.