Theodore W. KHEEL and Raymond J. Scully, as Trustees under Chapter X of the Bankruptcy Act of A. H. Bull Steamship Co., Plaintiffs,

v.

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, Inc., Defendant.

No. 68 Civ. 117.

United States District Court
S. D. New York.

Aug. 1, 1968.

Webster, Sheffield, Fleischmann, Hitchcock & Brookfield, and Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for plaintiffs.

Kirlin, Campbell & Keating, New York City, for defendant.

Abraham E. Freedman, New York City, for intervenors.

MANSFIELD, District Judge.

This is a motion by five longshoremen ("movants") pursuant to Rule 24, F.R. Civ.P., for an order permitting them to intervene in an action for declaratory judgment brought by the Trustees in Bankruptcy of A. H. Bull Steamship Company * ("Bull") against its insurer, American Steamship Owners Mutual Protection & Indemnity Association ("defendant"), seeking construction of a maritime insurance policy to determine whether they may pursue certain methods of satisfying provisions requiring a deduction of $1,000 with respect to each accident or occurrence as a condition to its being indemnified for liabilities for personal injuries sustained by members of crews of vessels owned, chartered or operated by the debtor prior to bankruptcy. The pertinent facts are as follows:

By order of this Court dated May 23, 1963, plaintiffs were appointed Trustees in Bankruptcy of Bull and duly qualified as such. Bull prior to bankruptcy was engaged in the business of operating merchant vessels and in connection with its operations entered into policies of insurance with defendant whereby defendant agreed to insure and indemnify it against loss, damage and expenses incurred by Bull as the owner, charterer, or operator of certain vessels, including liabilities for personal injuries sustained by crew members. The policies require Bull to deduct $1,000 with respect to each accident or occurrence before being entitled to payment on account of such accident.

Numerous actions have been instituted against Bull or its Trustees by seamen and longshoremen for personal injuries, of which approximately 120, involving 114 accidents or occurrences, fall within the coverage of the policies. Prosecution of these actions was enjoined by this Court on May 23, 1963, but this order was modified on March 24, 1965 to permit their prosecution to final judgment, subject to an injunction against enforcement of such judgments until further order of the Court. As a result of this partial modification of the earlier order plaintiffs were authorized to employ special counsel to defend such actions in certain courts, a number of which have been settled or have been reduced to judgment. In other areas (e. g., Philadelphia), however, plaintiffs have not been authorized to employ special counsel with the result that default judgments have been obtained against Bull.

Following defendant's refusal to take over the defense of the latter actions or to reimburse plaintiffs unless they paid the judgments or settlements in full, including the $1,000 deductible, the Trustees brought the present action for declaratory judgment seeking a declaration that the $1,000 deductible requirement under the policies might be satisfied in one of several different ways, but pointed out that the Trustees could not undertake such methods without Court approval and assurance of reimbursement from defendant because the $1,000 payments would deplete the estate and amount to a preference over other general creditors in violation of the Bankruptcy Act. The Trustees assert that § 167 of the New York State Insurance Law, McKinney's Consol.Laws, c. 28, which permits injured persons to proceed directly against the insurer, has no application to the marine insurance policies involved here and that the only prospect of recovery is under the terms of the policies.

As a second and alternative cause of action the Trustees seek a declaration to the effect that if defendant should not be required to reimburse them in the full amount of judgments or settlements in favor of personal injury claims against the estate, the Trustees be entitled to re-

---

* Upon argument counsel advised that Arthur L. Liman has been appointed trustee in lieu of the plaintiffs named in the caption and will shortly be substituted.

cover the amount of the insurance premiums paid by Bull to American.

Defendant in its answer to the Trustee's complaint and in its opposition to the present motion contends that since the policies, which indemnify against loss (as distinguished from liability), obligate it to reimburse the Trustees only for losses, damages or expenses actually paid, and the suggested methods of paying the $1,000 deductible would not constitute payment within the meaning of the policies, the complaint should be dismissed.

Movants seek permission to intervene in the instant action on the ground that their interests would not be adequately represented by the Trustees for the reasons that (1) the Trustees are adverse parties in the personal injury suits brought against the bankrupt; and (2) the Trustees have no real interest in prosecution of the instant action, since movants are the only persons who stand to benefit and the prosecution of the action by the Trustees would not result in benefit to the other creditors but, on the contrary, because of the expenses involved, might diminish their share in an estate where creditors' claims already exceed available assets. Movants further point out that if the Trustees did not prosecute the action, movants and other similarly situated claimants would be seriously prejudiced. The Trustees join in the motion, asserting in substance that they cannot afford to prosecute proceedings undertaken solely for the benefit of movants.

In support of their application movants rely upon the following purported quotation from Rule 24(a) (2), F.R.C.P.:

> "Upon timely application any one shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interests by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *."

In addition movants seek permissive intervention pursuant to Rule 24(b) (2), F.R.C.P., which permits such intervention in the Court's discretion where a common question of law or fact is found to exist.

Apparently movants have overlooked the 1966 amendment of Rule 24 which eliminated the above-quoted text of 24(a) (2) on the ground that if representation in class actions was inadequate, those not intervening would not be bound by a judgment, whereas if the representation was adequate, there would be no occasion for intervention. See Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961). As amended the text now reads as follows:

> "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Thus intervention as a matter of right could be secured by movants only upon showing that they have an interest in the property or transaction which is the subject of the action which would not be adequately protected by existing parties.

Defendant opposes the motion on numerous grounds.

Movants fail to reveal a sufficient "interest" in the action or inadequacy of representation to warrant a granting of intervention as a matter of right. It also appears that unless they can make a better showing of the existence of common questions of fact and law or of their own ability to make a more adequate presentation of the legal and fac-

tual questions involved, they should not be granted permissive intervention, as distinguished from the right to file briefs and other papers as *amicus curiae*.

■ Movants, who are but five out of 120 negligence claimants, do not assert that they have proved their claims or reduced them to judgment. At this stage, therefore, they are mere holders of provable claims, Bankruptcy Act, § 63a(7), 11 U.S.C. § 103. There is no indication that the Trustees, who are officers of the Court sworn to collect and protect the assets of the debtor's estate for the benefit of the creditors, will fail to prosecute the instant action diligently. Assuming *arguendo* a decision by the Court that the Trustees may recover the proceeds of the policies, either with or without advance payment of claims for personal injuries or of $1,000 with respect to each such claim, no evidence is offered to show that the recovery would, as a matter of law, inure to the exclusive benefit of personal injury claimants, including movants, as distinguished from all other general creditors of the estate. Furthermore, although the Trustees state that the movants have no right of direct action against defendant (see, e. g., § 167, New York State Insurance Law), movants take no position themselves on this question. If such a right of direct action existed, of course, the entire present proceeding might be avoided.

■■ The mere existence of a third person's contingent interest in the outcome of pending litigation is insufficient to warrant intervention. Peterson v. United States, 41 F.R.D. 131, 133 (D. Minn.1966). Absent a showing that representation will be inadequate, either because of possible collusion or for some other reason, such inadequacy will not be presumed. United States v. American Society of Composers, Authors and Publishers, 202 F.Supp. 340 (S.D.N.Y.1962); Fielding v. Allen, 9 F.R.D. 106 (S.D.N.Y. 1949); Kind v. Markham, 7 F.R.D. 265 (S.D.N.Y.1945). The mere existence of

some differences between the interests of the movants and those of the Trustees is insufficient to warrant granting of intervention. Peterson v. United States, supra.

Essentially the pleadings and moving papers in the instant case indicate that most, if not all, of the essential facts are not in dispute, and that the principal issues are almost entirely legal in nature, i. e., do the policies obligate the defendant to indemnify the Trustees without proof of out-of-pocket loss as distinguished from liability, see Harris v. Standard Accident & Insurance Co., 297 F.2d 627, 631 (2d Cir. 1961); Gregersen v. Aetna Casualty, 241 F.Supp. 204 (S.D.N.Y.1964), or at least payment of the $1,000 deductible? If so, would any of the methods suggested by the Trustees and the movants satisfy the terms of the policies? Would the movants and other personal injury claimants be entitled exclusively to the proceeds of any recovery by the Trustees from the defendant or would they be required to share such proceeds with all other general creditors of the bankrupt estate?

■ Absent any showing by the movants that they have proved their claims or reduced them to judgment and have no right to direct action against defendant, in view of the fact that the questions presented by the declaratory judgment action are essentially questions of law, there do not appear to be any circumstances calling upon the Court, in the exercise of its discretion and in the interest of justice, to grant permissive intervention. If the moving papers are any example of the type of contribution that could be expected as a result of intervention, no substantial additional light would be thrown on the basic questions if intervention were granted and there would always be the possibility of creating complication and confusion because of the large number of personal injury claimants, some of whom might contend that the movants were not adequately representing their interests as a class.

For the present, therefore, movants' interests are adequately protected by permitting them to participate as *amicus curiae* in all proceedings, with an understanding that a copy of all papers will be served upon them. In the event that a more adequate showing is made, intervention may then be reconsidered.

Accordingly, the motion is denied.

So ordered.