**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**PACIFIC INDEMNITY COMPANY and American Home Assurance Company, Defendants.**

**Civ. A. No. 75–122 Erie.**

United States District Court,
W. D. Pennsylvania.

Nov. 25, 1977.

Wallace J. Knox, Erie, Pa., for plaintiff.

Byron A. Baur, Erie, Pa., for Pacific Indemnity Co.

John G. Gent, Erie, Pa., for American Home Assurance Co.

Andrew J. Conner, Erie, Pa., for intervenor.

## OPINION

WEBER, District Judge.

The petitioner Theodore Koenig seeks to intervene in an action for declaratory judgment brought by Plaintiff Liberty Mutual Insurance Company (Liberty Mutual) against Defendants Pacific Indemnity Company (Pacific Indemnity) and American Home Assurance Company (American Home).

In June 1971, the petitioner Theodore Koenig was injured when he dove into a swimming pool manufactured by Muskin Corporation (Muskin) and sold to W. T. Grant Company (Grant). On several theories of liability, Koenig filed suit in Penn-

sylvania state court against Muskin and Grant. Grant is insured by Liberty Mutual, Muskin is insured by Pacific Indemnity, and American Home provides Muskin with additional or "excess" coverage.

Liberty Mutual filed suit in federal court against Pacific Indemnity and American Home under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to determine whether Pacific Indemnity and American Home are contractually obligated to defend Grant in the state action, and whether—and under what circumstances—Pacific Indemnity and American Home must indemnify Grant for any judgment recovered by Koenig in his state action. Because the outcome of the indemnity issue depends upon the bases of liability determined in the state action, this Court on April 29, 1976 stayed all proceedings in the federal action pending the resolution of the state court suit.

Koenig, the plaintiff in the state court action, moves to intervene in the declaratory judgment action under both grounds authorized by Fed.R.Civ.P. 24—intervention by right under Rule 24(a) and permissive intervention under Rule 24(b).

### A. *Intervention by Right under Rule 24(a).*

■ To intervene under Rule 24(a), the petitioner must establish: (1) that he has an interest in the proceeding, (2) that he is "so situated that the disposition of the action may as a practical matter impair or impede his ability to protect [it]," and (3) that his interest is not being adequately protected by existing parties, Fed.R.Civ.P. 24.

Koenig argues that he will be "effectively bound and/or collaterally estopped" by the outcome of the instant case. Koenig contends that because the insurance policies that may potentially satisfy any judgment he may recover in his state action vary significantly in coverage, a judicial determination of the obligation, if any, of Pacific

Indemnity or American Home to indemnify W. T. Grant may affect the amount of money he may eventually collect if he wins a judgment in the state court suit. This argument skims over the critical issue of whether Koenig's interest—contingent upon the outcome of the state action—is the kind of interest Rule 24(a) was adopted to protect.

■ The courts have agreed that the interest required must be a "direct, substantial, legally protectable interest in the proceedings," *Hobson v. Hansen*, 44 F.R.D. 18, 24 [D.D.C.1968]; see 3B Moore's Federal Practice ¶ 24.09–1[2] at p. 24–301 [1977]. The interest must be a "present substantial interest as distinguished from a contingent interest or mere expectancy," *United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969). "[A]n interest, to satisfy the requirements of Rule 24(a)(2), must be significant, [and] must be direct rather than continent . . . ," *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341, 346 [S.D.N.Y.1974], *aff'd per curiam*, 515 F.2d 505 [2d Cir. 1975].

■ Analysis of cases involving interests factually similar to Koenig's reveals that an interest contingent upon a favorable result in an *associated* lawsuit[1] is not an interest sufficient to require intervention under Rule 24(a).

In *Kheel v. American Steamship Owners' Mutual Protection & Indemn. Ass'n*, 45 F.R.D. 281 [S.D.N.Y.1968], five longshoremen who had filed negligence claims against a bankrupt shipping company sought to intervene under Rule 24(a) in an action for declaratory judgment brought by the trustees of the shipping company against its insurance carrier. By declaratory judgment, the trustees of the bankrupt shipping company sought a judicial interpretation of the insurance policy to see whether the carrier was required to indemnify them for personal injury judgments or, in the alternative, to return the insurance

---

1. But an interest contingent upon the outcome of the same suit into which intervention is sought is probably sufficient for intervention under Rule 24(a), *see Gaines v. Dixie Carriers*, 434 F.2d 52 [5th Cir. 1970]; *Coleman Capital Corp. v. Fidelity & Deposit Co.*, 43 F.R.D. 407 [S.D.N.Y.1967]; *cf. Exchange National Bank v. Abramson*, 45 F.R.D. 97 [D.Minn.1968].

premiums paid by the shipping company to the carrier. Like Koenig in the instant case, the longshoremen sought to intervene on the ground that the outcome of the declaratory judgment action would affect whether, and to what extent, any judgments they may recover in their personal injury actions against the shipping company would ever be satisfied.

The court held the interests of the longshoremen too contingent to satisfy the requirements of Rule 24(a) and denied intervention. First, their interest in intervention depended upon their winning judgments in the personal injury actions. And second, assuming eventual recovery, no evidence showed that any reimbursed premiums would inevitably be used to satisfy their judgments.

> Movants, who are but five of 120 negligence claimants, do not assert that they have proved their claims or reduced them to judgment. At this stage, therefore, they are mere holders of provable claims . . . 45 F.R.D. 284.

The court concluded that an alleged interest contingent on the outcome of other litigation and other uncertainties is not sufficient to justify intervention under Rule 24(a).

> The mere existence of a third person's contingent interest in the outcome of pending litigation is insufficient to warrant intervention. 45 F.R.D. at 284.

Another guiding case is *Shulman v. Goldman, Sachs & Co.*, 62 F.R.D. 341 [S.D.N.Y. 1974], *aff'd. per curiam*, 515 F.2d 505 [2d Cir. 1975]. Shulman, through his agent, Seattle First National Bank (Seattle First), bought commercial paper from Goldman, Sachs issued by the Penn Central Transportation Company. To recover the face value of commercial paper which had declined in value, Shulman sued separately both Goldman, Sachs (*Shulman I*) in the Southern District of New York and Seattle First (*Shulman II*) in the Western District of Washington. Seattle First, the defendant in *Shulman II*, sought to intervene in *Shulman I* on the grounds, *inter alia*, that if it was found liable in *Shulman II*, it would

have an interest in the commercial paper involved in *Shulman I*. The issue presented by Seattle First's motion to intervene was whether its interest was too contingent to satisfy the policies of Rule 24(a). The court acknowledged that Seattle First would have a "direct and significant interest" in the action *if* it is found liable on the note in *Shulman II*, 62 F.R.D. at 347.

In evaluating the motion to intervene, the court focused on the inability of Seattle First to present an interest independent of the outcome of another case, and accordingly denied intervention of right because "Seattle First's interest in the outcome of *Shulman I* is at best contingent" on the disposition of questions of act and law to be litigated in *Shulman II*, 62 F.R.D. at 347.

The interest Koenig claims as grounds for intervention of right is that a declaratory judgment by this Court that Pacific Indemnity and American Home are not obligated to indemnify W. T. Grant Company may prejudice full satisfaction of whatever recovery he may win in his state personal injury action. Although such eventual prejudice is conceivable, at least two contingencies afflict his interest and prevent it from rising to the kind of "direct, substantial, legally protectable interest" necessary for intervention by right, *Hobson v. Hansen*, supra, at 24.

First, like the longshoremen in *Kheel*, Koenig has not recovered a judgment, and the possibility that he will not prevail in the state action reduces his interest to a mere "provable claim," held insufficient for intervention in *Kheel*.

Second, like Seattle First's claim for intervention in *Shulman I*, Koenig's interest is contingent upon the bases of liability found in the state action. If Koenig recovers a judgment against the W. T. Grant Company only on a basis of liability not imputable to Muskin Corporation, or if Liberty Mutual is not obligated to indemnify Grant, then Koenig will have "no legally protectable" interest in the interpretation of the insurance policies of Pacific Indemnity and American Home.

■ In sum, because Koenig has not yet recovered a judgment and because contested issues of fact must be resolved in his favor before he recovers a judgment, his interest in intervention is contingent and not direct—and consequently, not the kind of interest courts have required for intervention under Rule 24(a). Accordingly, the petitioner's motion for intervention of right under Rule 24(a) is DENIED.

## B. *Intervention by Permission under Rule 24(b).*

A court may allow a party to intervene under Rule 24(b) "when an applicant's claim or defense and the main action have a question of fact or law in common." In exercising its discretion,[2] the court should consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24.

■ To intervene under Rule 24(b), the movant must have a "claim or defense" against the defendants with questions of fact or law in common with the main action—not just a general interest in its subject matter or outcome, see 3B Moore's Federal Practice ¶ 24.10[2] at p. 24–352 [1977]. In the main action for declaratory judgment, the claims of the plaintiff Liberty Mutual involve the obligations, if any, of Pacific Indemnity and American Home to defend or indemnify W. T. Grant Company in the state personal injury action. These claims present various questions about the interpretation of various insurance policies. The basis of Koenig's motion is not that he—along with Liberty Mutual—holds any "claims or defenses" against the defendants; it is rather a concern that his recovery in the state action may exceed the policy limits of the insurance agreement between Liberty Mutual and W. T. Grant Company.

W. T. Grant is insolvent, and Koenig may have difficulty collecting any judgment that he recovers from Grant which exceeds Liberty Mutual's policy limits. Accordingly, Koenig would certainly be fortunate if the bases of liability determined in the state action required Pacific Indemnity or American Home—with the higher policy limits of their insurance agreements—to indemnify Grant. But a motion for permissive intervention under Rule 24(b) must have grounds in claims for relief which share questions of fact or law in common with the main action, and not in the coincidence of financial interests.

■ Any claim for indemnity belongs to W. T. Grant and Liberty Mutual, not to Koenig. The claim for indemnity arises from insurance contracts signed by Muskin, Pacific Indemnity and American Home. While Koenig may have a financial interest, albeit contingent in the main action, he has no claim with questions of fact or law in common with Liberty Mutual's claim—the prerequisite for permissive intervention. Plaintiff Liberty Mutual and petitioner Koenig are bound only in the sense that it would be financially fortuitous for them both if the declaratory judgment action were resolved against the defendants Pacific Indemnity and American Home.

The mutual self-interest of the plaintiff and the prospective intervenor is not enough for intervention by permission. See *Old Colony Trust Co. v. Penrose Industries Corp.*, 387 F.2d 939, 941 [3d Cir. 1968]. Accordingly, Koenig's motion for intervention under Rule 24(b) is DENIED.

### ORDER

AND NOW, this 23rd day of November, 1977, the motion of petitioner Theodore Koenig for leave to intervene is DENIED.

---

**2.** Unlike intervention of right under Rule 24(a), permissive intervention—by definition—lies within the discretion of the court, see generally, 3B Moore's Federal Practice ¶ 24.10[4] at p. 24–391 [1977]. An important element in the exercise of sound discretion is that the addition of parties to an action will inevitably delay its prompt prosecution. As Judge Wyzanski wrote:

Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. *Crosby Steam Gage and Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F.Supp. 972, 973 [D.Mass.1943].