Jane ROE, Mary Moe and Annyce Hawkins, Individually and on behalf of all others similarly situated, John Franklin, M.D., and Louis Gerstley, III, M.D., Individually and on behalf of all others similarly situated, Planned Parenthood of Southeastern Pennsylvania, Elizabeth Blackwell Health Center for Women, Women's Health Services, and Philadelphia Welfare Rights Organization, Pennsylvania not-for-profit corporations

v.

Robert E. CASEY, Individually and in his official capacity as Treasurer of the Commonwealth of Pennsylvania, and Aldo Colautti, Individually and in his official capacity as Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania.

Civ. A. No. 78–2214.

United States District Court,
E. D. Pennsylvania.

Dec. 11, 1978.

See also D.C., 464 F.Supp. 487.

484

Alice M. Price, Women's Law Project, Roland Morris, Paulette Ettachild, Community Legal Services, Thomas B. Harvey, Jr., American Civil Liberties Union of Pa., Philadelphia, Pa., for plaintiffs.

Louis G. F. Retacco, Chief Counsel to the State Treasurer, Harrisburg, Pa., Maria Parisi Vickers, Asst. Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are the motions of J. Edward Lynch, M.D. ("Lynch"), Thomas F. Toomey, M.D. ("Toomey"), and Charles F. Dougherty ("Dougherty") (collectively, "movants") to intervene as defendants, pursuant to Fed.R.Civ.P. 24(a)(2), and of Lynch and Toomey for appointment as guardians *ad litem* for unborn children, pursuant to Fed.R.Civ.P. 17(c). For the reasons stated below, each of these motions will be denied.

The action in which Lynch, Toomey and Dougherty seek to intervene as defendants was brought by: (1) several pregnant, indigent females, each of whom has been certified by a physician as needing an abortion to preserve her health and is otherwise eligible for medical assistance, who are suing on their own behalf and on behalf of all others similarly situated; (2) three physicians licensed to practice medicine in the Commonwealth of Pennsylvania who specialize in the field of obstetrics and gynecology and who perform medically necessary abortions for patients requiring them, two of whom bring this action on behalf of themselves and all others similarly situated; and, (3) several Pennsylvania not-for-profit corporations which either provide obstetrical and gynecological health care or which represent medical and public assistance recipients, including those for whom abortions have been and potentially will be certified as being medically necessary. Plaintiffs' action, brought pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation of the plaintiffs' constitutional rights of personal privacy, due process and equal protection as guaranteed by the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, and Title XIX of the Social Security Act, 42 U.S.C. § 1396, *et seq.* ("Social Security Act"), seeks injunctive and declaratory relief in the form of an Order of this Court declaring invalid and enjoining the enactment of Pennsylvania Public Acts 16A and 148 of 1978. Public Act 16A, an appropriations act, and Public Act 148, a substantive act, prohibit the payment of state medical assistance funds for medically necessary abortions for women otherwise eligible to receive medical assistance pursuant to the Social Security Act, except in cases where the abortion is necessary to save the life of the mother. The named defendants are Robert E. Casey ("Casey"), who is sued individually and in his official capacity as Treasurer of the Commonwealth of Pennsylvania, and Aldo Colautti ("Colautti"), who is sued individually and in his official capacity as Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania. Casey is responsible for the release of Commonwealth funds to reimburse physicians and health-care providers for the performance of abortion services, and Colautti is responsible for the overall operation and administration of the Department of Public Welfare of the Commonwealth of Pennsylvania's programs and for the expenditure of sums appropriated for these programs, in-

cluding medical assistance payments for abortions. The narrow issue presented to this Court by the case in which Lynch, Toomey and Dougherty seek to intervene, and Lynch and Toomey seek to be appointed guardians *ad litem*, is whether Public Acts 16A and 148, by prohibiting the payment of state medical assistance funds for medically necessary abortions for women otherwise eligible to receive medical assistance pursuant to the Social Security Act, except in cases where the abortion is necessary to save the life of the mother, deprive the plaintiffs of rights guaranteed to them by the Social Security Act or by the First, Fifth, Ninth or Fourteenth Amendments to the United States Constitution. Stated another way, the issue before us is not whether the named plaintiffs or the classes they represent in the action before us have a right to obtain, perform or provide, respectively, medically necessary abortions other than those necessary to save the life of the mother, but whether the Commonwealth of Pennsylvania may, in consonance with Title XIX of the Social Security Act and the Constitution of the United States, refuse to disburse state medical assistance payments to reimburse the plaintiffs and the class they represent for medically necessary abortion services.

In support of their motions to intervene as defendants in the proceedings before us, the movants claim the following interests in the subject matter of this litigation: (1) the interests of all movants, as physicians, citizens, taxpayers and legislator, in supporting the policies of the Commonwealth of Pennsylvania, as expressed in Public Acts 16A and 148, and in objecting to the expenditure of their tax dollars to finance abortions for reasons other than to save the life of the mother; (2) the interest of Toomey and Lynch, as physicians, citizens and taxpayers in objecting on grounds of conscience to participation in abortions or to possibly being compelled through the use of their federal and state tax dollars to finance abortions; (3) the interest of Lynch and Toomey, as obstetricians and gynecologists who regularly treat pregnant women who carry their pregnancies to term, whose professional and economic interests in their pa-

tients may or will be seriously impaired by the outcome of this case; (4) the interest of Toomey, as an obstetrician and gynecologist who treats, *inter alia*, pregnant women who are eligible for medical assistance, whose professional relationship with his patients may be impaired if his patients were able to procure abortions paid for by medical assistance; and, (5) the interest of Dougherty, as a citizen, taxpayer and legislator who was a member of the General Assembly of Pennsylvania during the passage of Public Acts 16A and 148, and as a cosponsor of Public Act 148, in ensuring that Acts of the Legislature and the legislative will of the people are properly interpreted by, and defended before, this Court.

■ Rule 24(a)(2) of the Federal Rules of Civil Procedure states:

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action:

\* \* \* \* \* \*

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

To establish that they are entitled to intervene as of right, the movants must demonstrate that: (1) they have a sufficient interest in the matter and that their interest would be affected by the disposition; (2) that their interest is not adequately represented by the existing parties; and, (3) that their application to intervene was timely. *Comm. of Pa. v. Rizzo*, 530 F.2d 501, 504 (3d Cir.), *cert. denied sub nom. Fire Officers Union v. Pa.*, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976). We find the failure of the movants to satisfy the first element of this standard to be dispositive of the motion to intervene before us.

■ As many courts have noted, a litigable "interest" for purposes of Fed.R.Civ.P. 24(a)(2) has not yet been concisely and conclusively defined. *See, e. g., United States v. Perry Cty. Bd. of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978); *Blake v. Pallan*, 554 F.2d

947, 952 (9th Cir. 1977); *Liberty Mutual Ins. Co. v. Pacific Indemnity Co.,* 76 F.R.D. 656, 658 (W.D.Pa.1977). But while not yet strictly defined, most courts have rejected the notion that a Rule 24(a)(2) "interest" must be "a specific legal or equitable interest," *Blake v. Pallan, supra,* 554 F.2d at 952, and have instead required only that the party seeking to intervene demonstrate a "direct, substantial, legally protectable interest in the proceedings," *Liberty Mutual Ins. Co. v. Pacific Indemnity Co., supra,* 76 F.R.D. at 658.

After careful consideration of the interests asserted by the movants in support of their Fed.R.Civ.P. 24(a)(2) motion to intervene, we hold that those interests, while important, are not sufficiently direct, substantial, legally protectable interests in the proceedings before us to warrant intervention as of right. As noted above, the narrow issue before this Court is not whether the plaintiffs have a right to obtain, perform or provide medically necessary abortions, but whether the Commonwealth of Pennsylvania may limit its reimbursements from state medical assistance funds to those abortions necessary to save the life of the mother without contravening the plaintiffs' rights under the Social Security Act or the United States Constitution. Read against that narrow issue, the interests asserted by the movants are remote, speculative, indirect or irrelevant. Specifically, the interests of Toomey and Lynch, as physicians, in objecting on grounds of conscience to participation in abortions is irrelevant to, and will in no way be affected by, the proceedings before us, because those proceedings concern only the funding of, and not the participation in, otherwise legal and available abortions. Further, the economic and professional interests of Toomey and Lynch as physicians who regularly treat pregnant women who may be able to procure abortions paid for by medical assistance, who may ignore the professional advice of Toomey and Lynch in seeking such an abortion and who may seek the services of another physician to perform the abortion, are speculative and remote. Neither Toomey nor Lynch has alleged any more than the mere possibility that his patients' ability to pro-cure an abortion paid for by medical assistance might affect his economic and professional interests. But even if they had, the fact that their economic and professional interests might be affected by their patients' assertion of a legal right to an available medical procedure, voluntarily performed either by themselves or another qualified physician, does not amount to a direct, substantial legally protectable interest that would support intervention as of right in this case.

Nor do we find the interests of Dougherty, as legislator, member of the General Assembly and cosponsor of Public Act 148, to be sufficiently substantial, direct or legally protectable interests to warrant intervention. The issue before us is not whether Public Acts 16A or 148 were duly and lawfully enacted, *see McRae v. Mathews,* 421 F.Supp. 533, 540 (E.D.N.Y.1976), *vacated and remanded sub nom. Califano v. McRae,* 433 U.S. 916, 97 S.Ct. 2993, 53 L.Ed.2d 1103 (1977), in light of *Maher v. Roe,* 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977), and *Beal v. Doe,* 432 U.S. 438, 97 S.Ct. 2366, 53 L.Ed.2d 464 (1977), but whether those Acts improperly conflict with a federal statute or the United States Constitution. Finally, while the interests of Toomey, Lynch and Dougherty as taxpayers who object to the expenditure of their federal and state tax dollars to fund abortions other than those necessary to save the life of the mother might, in a different context, support intervention, they are too indirect and remote to support intervention in the present case. The Legislature of the Commonwealth of Pennsylvania has apportioned a specific amount of money for medical assistance, *see* Public Act 16A, and the movants have not demonstrated that they will suffer any out-of-pocket tax losses if this case is decided adversely to their avowed interests in opposing abortions. *See Fuller v. Volk,* 351 F.2d 323 (3d Cir. 1965); *Cf. Gravel v. Laird,* 347 F.Supp. 7, 9 (D.D.C. 1972); *but see McRae v. Mathews, supra,* 421 F.Supp. at 540.

■ Turning to the motion of Lynch and Toomey for appointment as guardians *ad litem* for unborn children, pursuant to Fed. R.Civ.P. 17(c), we hold that unborn children

(fetuses, embryos) are not persons with a legally protectable interest within the meaning of Fed.R.Civ.P. 17(c) or 24(a)(2) and, thus, the appointment of guardians *ad litem* is neither warranted nor required. *See Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and cases cited in plaintiffs' memorandum in opposition to motion to intervene and for appointment of guardians *ad litem*, pp. 6–8.

Accordingly, for the reasons stated above, the movants' motions to intervene and for appointment as guardians *ad litem* will be denied.

The Court welcomes the movants to submit their legal arguments to this Court in the form of a brief *amicus curiae.*

An appropriate Order will be entered.