**J & N LOGGING CO., INC., Georgia–Pacific Corporation, Appellant,**

v.

**ROCKWOOD INSURANCE CO., Appellee.**

No. 87–2223.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1988.

Decided June 14, 1988.

Richard E. Griffin, Crossett, Ark., for appellant.

Tom F. Lovett, Little Rock, Ark., for appellee.

Before McMILLIAN, WOLLMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

The Georgia–Pacific Corporation (GP) appeals from an order of the district court

denying GP's motion to intervene, as a matter of right, in the case of *J & N Logging Co., Inc. v. Rockwood Insurance Co.* The district court found that GP's interests were adequately represented by J & N Logging. Because we have been alerted to facts which were not presented to the district court, we remand this matter for further consideration in light of such information.

## I. BACKGROUND

On September 16, 1986, a jury found J & N Logging, the Johnson Timber Corporation, and GP jointly and severally liable for $5,354,195.65 in damages. This judgment stemmed from a motor vehicle accident that caused three deaths and an injury. GP's liability was derivative, as employees of J & N Logging and Johnson Timber were the actively negligent tortfeasors.

Rockwood Insurance had issued a policy insuring J & N Logging for liability incurred through the negligence of its directors, officers and employees. The policy coverage was limited to $500,000.00. During the litigation, J & N Logging asked Rockwood to settle within the policy limits. Rockwood refused. Faced with several liability for the entire $5,000,000.00 judgment, J & N Logging commenced an action against Rockwood on January 23, 1987. J & N Logging seeks to have Rockwood pay the entire judgment by alleging bad faith and negligent failure to settle within policy limits.

On April 3, 1987, GP filed its motion to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. GP argued that the alleged bad faith and negligence of Rockwood also breached duties that ran directly to GP, and that to exclude GP from J & N Logging's lawsuit would leave GP with interests that were both unprotected and potentially prejudiced. The district court denied the motion to intervene, finding that the interests of GP were adequately protected in the litigation by J & N Logging. Thus, the subject matter of this appeal concerns GP's claim that GP has a sufficient interest in the outcome of the litigation over the Rockwood policy to be permitted to intervene as a matter of right in the lawsuit against Rockwood.

## II. INTERVENTION AS OF RIGHT

Intervention as of right occurs where: Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24.

At oral argument, for the first time, GP drew attention to language in Rockwood's policy with J & N Logging which strongly suggests that GP is an insured under the policy. On page 3 of the policy, part IV, section D, subsection (3), it states that:

Anyone liable for the conduct of an insured * * * is an insured but only to the extent of that liability.

In the underlying accident litigation, GP's liability was wholly vicarious. Lemmie Smith, an employee of J & N Logging was the actively negligent individual (15 percent negligent as found by that jury). There is apparently no dispute that he and his employer were insured under the policy. Because GP was held to be jointly and severally liable for the entire judgment based, at least in part, on the 15 percent negligence of an insured party we believe that, under the policy language, GP may also be an insured. Moreover, we believe that GP's status in the transaction at issue and under the language of the policy provides GP with a sufficient stake in the lawsuit to warrant further consideration as to whether to permit GP to intervene.

Rockwood Insurance maintains, nevertheless, that even as an insured under subsection (3), GP has no right to recover an amount exceeding the policy limits of $500,000.00. Rockwood's theory would ap-

pear to be that GP's status does not permit a cause of action for bad faith and negligent failure to settle within policy limits. We disagree.

 Generally, an insured may maintain an action where the insurer has been guilty of bad faith toward the insured in failing to settle the insured party's claim within policy limits. *Long v. McAllister*, 319 N.W.2d 256, 261 (Iowa 1982). The relevant duty of good faith arises from the insurance contract and runs from the insurer to the insured. *Id.; see also Kranzush v. Badger State Mut. Co.*, 103 Wis.2d 56, 307 N.W.2d 256, 259 (1981). We, therefore, believe that if GP has status as an insured, it should be permitted to seek recovery for a bad faith breach. Because an insurer who is guilty of the breach alleged may be "liable for the entire judgment against the insured even if it exceeds the policy limits," *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032, 1036–37 (1973), the district court should more fully consider GP's interests when it reconsiders GP's motion to intervene.

*Kranzush v. Badger State Mut. Co.* provides the proper analysis of standing to assert a bad faith claim. *Kranzush* refused to allow a tort victim a cause of action for bad faith breach against the tortfeasor's insurer. The court found that there was a fundamental mismatch of interests between a tort victim, an insured and the insurer. *Kranzush*, 307 N.W.2d at 261. The insured and insurer begin in a relationship of trust and confidence. *Id.* This is because a settlement within policy limits is of no concern to the insured. His liability is limited to the extent of his paid premiums. *Id.* at 260. Only where the insurer has in bad faith failed to settle and the insured is faced with excess liability does the relationship become adversarial. By contrast, the tort victim's relationship is adversarial from the beginning. He is a stranger to the interests that warrant an insured maintaining the bad faith action. *Id.*

GP and J & N Logging have the same essential relationship and matching interests to the insurance company. If a settle-

ment had been reached on behalf of J & N and its employee, the liability of GP in excess of the policy limits arising as a result of the negligence of the J & N Logging employee would not have followed. Both parties, therefore, had the same interest in Rockwood settling within the policy limits. And, of course, when it did not do so, both J & N Logging and GP were faced with paying an excess judgment. Finally, neither J & N Logging's nor GP's relationship became adversarial with Rockwood until the alleged bad faith occurred. *See Kranzush*, 307 N.W.2d at 260–61.

 GP must also show the district court that despite the similarity of interest it shares with J & N Logging in the outcome of J & N Logging's suit, GP is, as a practical matter, impeded from protecting its interest if it is not allowed to intervene. Fed.R.Civ.P. 24(a). It was brought to our attention at oral argument, again for the first time, that the accident plaintiffs' attorney is now representing J & N Logging in its suit against Rockwood. This has come about, apparently, as a result of an agreement between plaintiffs and J & N Logging to the effect that J & N Logging will be held harmless for amounts beyond any settlement or recovery under the bad faith litigation. We believe that this quasi assignment of J & N Logging's cause of action needs the district court's further consideration before the court finally decides that GP will be adequately represented in the pending action by J & N Logging.

 We believe that GP's interest may well be affected. J & N Logging and the accident plaintiffs could reach a settlement with Rockwood for an amount less than the $5,000,000.00 tort judgment. The accident plaintiffs could then, possibly, pursue GP for the difference. GP argues, at least, that such a settlement may leave it exposed to additional claims from the judgment creditors. Since it appears that J & N Logging may now have little interest in holding out for the full $5,000,000.00 given this recent agreement with the plaintiffs, the district court should consider this development.

Accordingly, this matter is remanded for further consideration in light of page 3, part IV, section D, subsection (3) of the policy, and the recent shift in J & N Logging's position in its bad faith claim against Rockwood.