**Albert L. CROSBY, Randall C. Riffe, and Roger G. Schmidt, Plaintiffs,**

**and**

**Federal Deposit Insurance Corporation, (FDIC), Intervenor,**

**v.**

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant.**

**No. C91–757R.**

United States District Court, W.D. Washington, at Seattle.

Aug. 13, 1991.

Bruce W. Hilyer, David John Lenci, Culp, Guterson & Grader, Seattle, Wash., John P. Payseno, Renton, Wash. and Phillip D. Noble, Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, Wash., for Albert L. Crosby, Randall C. Riffe, Roger Schmidt, Richard Cole, F. Douglas Ikegami, L. Dean Echelbarger, Peter Lonetto, Derwin K. Roupe and John W. Zevenbergen.

Peter D. Byrnes, Byrnes & Keller, Seattle, Wash., for James F. Tune and St. Paul Fire & Marine Ins. Co.

Richard Lee Lambe, Ulin Dann & Lambe, Seattle, Wash., for St. Paul Fire & Marine Ins. Co.

Ronald M. Gould, Javier Perez, Perkins Coie, Seattle, Wash., for Federal Deposit Ins. Corp.

## ORDER GRANTING FDIC'S MOTION TO INTERVENE

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on the Federal Deposit Insurance Corporation's motion to intervene. Having reviewed the matter, together with all documents filed in support and in opposition, the court finds and rules as follows:

### I. FACTUAL BACKGROUND

Plaintiffs Albert L. Crosby, Randall C. Riffe and Roger C. Schmidt were directors or officers of the Lynnwood Savings & Loan at various times from 1980 to June 1986. In *FDIC v. Crosby, et al.,* 774 F.Supp. 584, (W.D.Wash.1991) the Federal Deposit Insurance Corporation ("FDIC"), the assignee and successor to all of Lynnwood's claims against its former management, alleges that the plaintiffs in this case failed to fulfill their duties of loyalty to safeguard the solvency of the Lynnwood S & L and to protect its assets. *See* FDIC's Complaint in Intervention, Exhibit C (FDIC's Complaint for Negligence, Breach of Fiduciary Duty, Violation of Federal

Regulations and Violations of Chapter 19.86 RCW). In this action, plaintiffs seek a declaratory judgment as to the extent of their insurance policy coverage by defendant St. Paul Fire and Marine Insurance Company. The FDIC now seeks to intervene as a plaintiff.[1]

## II. DISCUSSION

Fed.R.Civ.P. 24(a)(2) permits a party to intervene as of right if the party

claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit has parsed this rule out into a four-part test to determine when a party may intervene as of right: (1) the motion to intervene must be timely; (2) the applicant must assert an interest in the underlying subject matter of the litigation; (3) the applicant's interest in the underlying subject matter must be prejudiced if intervention is denied; and (4) the applicant's interest must be inadequately represented if there is no intervention. *United States v. State of Oregon,* 839 F.2d 635 (9th Cir. 1988).

Defendant argues that the FDIC's motion to intervene does not meet this test because: (1) defendant would be prejudiced by FDIC's intervention; (2) the FDIC's interest in the underlying litigation is insufficient; and (3) the FDIC's interests are adequately represented by plaintiffs.

### A. *Timeliness of Motion*

■ In this case, it is clear that the FDIC's motion to intervene is timely and that defendant's argument that it will suffer prejudice from increased litigation costs is without merit. The FDIC moved to intervene in this action only two weeks after it was filed. A mere two-week gap certainly indicates that the FDIC moved to intervene as soon as it knew or had reason to know that its interests might be adversely

affected by this litigation. *U.S. v. Oregon,* 913 F.2d 576, 589 (9th Cir.1990). There simply was no delay in the FDIC's moving to intervene in this case. In addition, discovery in this case has barely begun and no significant decisions have been made on the merits. *See Jet Traders Invest. Corp. v. Tekair, Ltd.,* 89 F.R.D. 560 (D.Del.1981). Thus, defendant could not be prejudiced by having the FDIC as a plaintiff practically from the inception of the lawsuit. The FDIC's motion to intervene is timely.

### B. *Sufficiency of FDIC's Interest in the Underlying Subject Matter*

■ The defendant argues that the FDIC's interest in this litigation is insufficient because the FDIC has shown neither that it has an interest as a successor or an assignee for the Lynnwood S & L in collecting from plaintiffs in this action nor that its interest would be impaired absent its participation in this litigation.

Again, defendant's arguments are without merit. First, the FDIC need not put forward evidence showing that it is the legal successor to the Lynnwood S & L for purposes of making claims against plaintiffs. Rather, on a motion for intervention as of right, the court is to "accept as true the non-conclusory allegations of the motion and cross-complaint." *Lake Investors Dev. Group v. Egidi Dev. Group,* 715 F.2d 1256, 1258 (7th Cir.1983). Furthermore, a "motion to intervene as of right ... should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Id.*

Here, the FDIC set out in its complaint that it has succeeded by operation of federal law to all rights, titles, powers and privileges of Lynnwood S & L and its depositors, including rights under the insurance policy at issue in this case. *See* 12 U.S.C. § 1821(d)(2)(A). Thus, based on the allegations set forth in its proposed complaint in intervention, the FDIC does have an interest in the subject matter of this litigation.

Second, defendant's argument that the FDIC's interests would not be impaired if it

1. On July 26, 1991, this court granted Bogle & Gates unopposed motion to intervene.

is not a party to this action rests on a number of cases, primarily from outside the Ninth Circuit, in which applicants not directly covered by an insurance policy seek to intervene in the insured's lawsuit against its carrier in order to secure a possible source of recovery in the applicant's separate lawsuit against the insured. *See, e.g., Liberty Mutual Insurance Co. v. Pacific Indemnity Co.*, 76 F.R.D. 656, 658 (W.D.Pa.1977). In *Liberty*, the court held that the applicant's interest in the lawsuit against the carrier did not present a "substantial interest as distinguished from a contingent interest or mere expectancy." *Id.* at 658.

■ *Liberty* and the other cases cited by defendant are distinguishable. The standard for substantiality of interest is quite liberal. If an applicant for intervention shows that it would potentially or actually suffer some economic loss as result of a proceeding, the practical impairment requirement of Rule 24(a) is satisfied. *J & N Logging Co. v. Rockwood Ins. Co.*, 848 F.2d 1438 (8th Cir.1988). In addition, although in some cases an applicant's contingent interest, based on the outcome of associated litigation, is insufficient for Rule 24(a), such a contingent interest is sufficient where the applicant seeks to intervene to secure recovery from a discrete, identifiable fund that otherwise could be depleted. *See National Union Fire Ins. Co. v. Continental Illinois Corp.*, 113 F.R.D. 532, 535 (N.D.Ill.1986).

■ In this case, the plaintiffs' lawsuit against St. Paul arises out of the claims the FDIC has filed against plaintiffs in *FDIC v. Crosby*. Absent the lawsuit, plaintiffs would not have filed this declaratory judgment action to determine the extent of their coverage. The plaintiffs here acknowledge that the insurance policy proceeds are likely to be the only, or at least the primary, source of funds from which they will pay any judgment against them in *FDIC v. Crosby*. *See* Declaration of Phillip D. Noble (attorney for plaintiff Roger Schmidt); Affidavit of David J. Lenci (attorney for plaintiff Albert Crosby); Declaration of John P. Payseno (attorney for plaintiff Randall C. Riffe). In short, if the FDIC does not intervene in this lawsuit, its only source of recovery for its separate lawsuit against plaintiff could be adversely affected.

Where an applicant to intervene has an interest in a discrete, identifiable fund, that interest still may not be sufficient for the purposes of Rule 24(a) if the applicant could obtain relief in a subsequent lawsuit against the insurance carrier. However, any subsequent lawsuit by the FDIC against St. Paul would be hampered by the *stare decisis* effect of rulings made in this case. Where any subsequent suit is likely to proceed in the same judicial forum, as this one would, such potential *stare decisis* effects are an important consideration in determining that an applicant's interests may be impaired. *United States v. Oregon*, 839 F.2d 635, 638 (9th Cir.1988).

Accordingly, the court finds that the FDIC's interests would be impaired if it is not permitted to intervene. Its ability to recover a judgment from what is likely to be the only source of funds available to plaintiffs along with the *stare decisis* effects of any decisions in this case regarding insurance coverage sufficiently impair the FDIC's interests for purposes of Rule 24(a).

## C. Adequacy of Plaintiffs' Representation of the FDIC's Interests

■ An applicant for intervention is required to make only a minimal showing that existing parties' representation of its interests may be inadequate. *California ex rel. Van De Camp v. Tahoe Regional Planning Agency*, 792 F.2d 779 (9th Cir. 1986). In determining whether an applicant's rights are adequately represented, a court is to examine "whether existing parties' interests are such that they will make all of the arguments the applicants would make." *United States v. Oregon*, 839 F.2d at 638.

■ The defendant claims that the plaintiffs adequately represent the FDIC's interests because both seek to establish coverage by defendant. Defendant also argues that plaintiffs' counsel are adequate to pursue those interests in this litigation.

This court finds, however, that plaintiffs do not adequately represent the FDIC's interests. Plaintiffs and the FDIC are ac-

tually adverse parties whose interests conflict. Although both are interested in establishing insurance coverage, plaintiffs seek to do so primarily to fund defense of the action the FDIC has brought against them. The FDIC, however, seeks coverage from the fund for the alleged misconduct of plaintiffs. In addition, the arguments plaintiffs make for coverage are not all the same arguments that the FDIC has made in its proposed complaint in intervention. Furthermore, and perhaps most importantly, the FDIC is likely to offer a different perspective as to the likelihood of its success in *FDIC v. Crosby* than the plaintiffs in this case would. Finally, it is not clear that plaintiffs are financially able to pursue this matter as vigorously as the FDIC could.

### III. CONCLUSION

The court finds that the FDIC satisfies the requirements of Rule 24(a) for intervention as of right. Thus, the court need not consider whether permissive intervention pursuant to Fed.R.Civ.P. 24(b) is warranted.

NOW, THEREFORE, the FDIC's motion to intervene is GRANTED.