**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2567
_____

TRANSOURCE PENNSYLVANIA, LLC

v.

GLADYS BROWN DUTRIEUILLE, Chairman, Pennsylvania Public Utility
Commission; DAVID W. SWEET, Vice Chairman, Pennsylvania Public Utility
Commission; JOHN F. COLEMAN, Commissioner, Pennsylvania Public Utility
Commission, in his official capacity; RALPH V. YANORA, Commissioner,
Pennsylvania Public Utility Commission, in his official capacity;
PENNSYLVANIA PUBLIC UTILITY COMMISSION

The County of Franklin*,

                                                            Appellant

* Added pursuant to F.R.A.P. 12(a)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-21-cv-01101)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
May 6, 2022
_____

Before: CHAGARES, *Chief Judge* GREENAWAY, JR. and PORTER,
*Circuit Judges*.

(Filed: June 22, 2022)

_____

OPINION*

_____

PORTER, *Circuit Judge*.

Intervention protects nonparties from the adverse effects of litigation and fosters judicial economy by preventing a multiplicity of suits. But a nonparty's indirect and remote interests do not allow it to commandeer an existing action. Franklin County moved to intervene in this action under Federal Rule of Civil Procedure 24, asserting that the outcome of the suit would cause detrimental economic and environmental harm to Franklin County by authorizing Transource Pennsylvania, LLC ("Transource") to condemn Franklin County's agricultural security areas and conservation easements. The District Court denied intervention. The District Court did not abuse its discretion, so we will affirm.

I

The Commonwealth of Pennsylvania participates in an interstate regional electric grid connecting thirteen states and the District of Columbia. PJM Interconnection, LLC ("PJM"), a federally regulated regional transmission organization, operates and plans that interstate grid. *See* 16 U.S.C. § 791a, *et seq*. Because PJM determined that the existing electric transmission framework was "congested," PJM solicited proposals to alleviate

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

the congestion.[1] Transource, through its parent company, submitted a proposal to construct the Independence Energy Connection Project ("IEC Project), consisting of two new transmission lines spanning the Pennsylvania-Maryland border. Transource entered a "Designated Entity Agreement" with PJM to construct the IEC Project in Pennsylvania.

Although federal law vests authority over interstate electrical grid planning in the federal government, states retain authority over siting and construction. *See S.C. Pub. Serv. Auth. v. FERC*, 762 F.3d 41, 76 (D.C. Cir. 2014) ("States retain control over the siting and approval of transmission facilities."). In Pennsylvania, a public utility must obtain a certificate of public convenience from the Pennsylvania Public Utility Commission ("PAPUC") before offering service. 66 Pa. Cons. Stat. § 1101. Transource obtained a provisional certificate of public convenience, which would allow it to conduct studies, surveys, and appraisals relating to siting and other pre-condemnation actions. But in order to make "extensions" or "improvements" to transmission facilities, a public utility must establish that the improvements are "necessary or proper for the accommodation, convenience, and safety of its patrons, employees, and the public." 66 Pa. Cons. Stat. § 1501. Specifically, the public utility must establish:

(1) That there is a need for [the transmission line].
(2) That it will not create an unreasonable risk of danger to the health and safety of the public.

---

[1] *See* U.S. Dep't of Energy, Office of Electricity, *National Electric Transmission Congestion Study* 5 (Sept. 2020), https://www.energy.gov/sites/default/files/2020/10/f79/2020%20Congestion%20Study%20FINAL%2022Sept2020.pdf ("Transmission congestion refers to the economic impacts on the users of electricity that result from operation of the system within" the "physical limits on the amount of electricity flow the system is allowed to carry.").

  (3) That it is in compliance with applicable statutes and regulations providing for the protection of the natural resources of this Commonwealth.

  (4) That it will have minimum adverse environmental impact, considering the electric power needs of the public, the state of available technology and the available alternatives.

52 Pa. Code § 57.76(a). Only after the PAPUC makes all four findings can a public utility receive siting approval. On December 22, 2020, an administrative law judge recommended "that the Commission deny Transource's Siting Applications . . . because Transource has failed to show need for the project within the meaning of [PAPUC] Regulations and the Pennsylvania Public Utility Code." App. 94–95. The PAPUC agreed that Transource had failed to establish a "need" for the IEC Project and rescinded Transource's certificate of public convenience. Transource filed a complaint in the District Court, alleging that the PAPUC's decision violated the dormant Commerce Clause and was preempted by PJM's earlier determination of need.

  Franklin County moved to intervene as of right under Rule 24(a) and permissively under Rule 24(b). Franklin County expressed concern that the outcome of this suit could reverse the PAPUC's "need" determination, which would result in Transource being "much closer to having condemnation powers." Appellant Br. 20. The District Court denied intervention.

4

II[2]

We review the District Court's denial of intervention as of right for abuse of discretion. *Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir. 1987). Federal Rule of Civil Procedure 24(a)(2) requires a district court to grant intervention as of right if "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris*, 820 F.2d at 596). Although Franklin County's motion was timely, the District Court determined that Franklin County failed to establish a sufficient interest in the litigation and did not address the remaining elements. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (requiring each element to be met for intervention). We find no error, much less an abuse of discretion, in the District Court's sound reasoning.

A "sufficient interest in the litigation" is one "that is specific to [the intervenor], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Id.* Franklin County's conservation

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. Franklin County timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. *See United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1179 (3d Cir. 1993).

5

easements and agricultural security areas may be condemned if the IEC Project is permitted to continue. If Transource prevails in this action, it would have its provisional certificate of public convenience restored.[3] But before Transource may condemn Franklin County lands, the PAPUC must still consider the additional section 57.76(a) factors. 15 Pa. Cons. Stat. § 1511(c). Although Franklin County asserts that the "need" determination "would heavily influence the Commission's determination of approval," it is unclear how any of the remaining three section 57.76(a) elements are contingent on a need determination. Appellant Br. 19. It is entirely possible for the PAPUC to determine that despite the need for additional transmission lines, the IEC project creates an unreasonable risk of danger, is not in compliance with applicable statutes providing for the protection of natural resources, or has more than a minimal adverse environmental effect.

---

[3] Franklin County asserts that the certificate would no longer be provisional because the PAPUC would be compelled to determine that the IEC Project is necessary. But that is a misreading of the PAPUC's opinion. The PAPUC's revocation of the provisional certificate was based on a recognition that "need" is necessary but not sufficient for the IEC Project. App. 147–49 (revoking provisional certificate). While a finding of "no need" would preclude a full certificate of public convenience, a finding of "need" would not require it.

A declaratory judgment in favor of Transource would only "influence"—not dictate—the PAPUC's ultimate determination on remand.[4] And an interest that is contingent on the result of a separate proceeding is not a sufficient interest for intervention as of right. *Lib. Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 224–26 (3d Cir. 2005) (quoting *Lib. Mut. Ins. Co. v. Pacific Indem. Co.*, 76 F.R.D. 656, 658 (W.D. Pa. 1977)) ("[A]n interest contingent upon a favorable result in an associated lawsuit is not an interest sufficient to require intervention under Rule 24(a)."). Because Franklin County's asserted interest is too remote to support intervention, we do not reach the other elements of Rule 24. The District Court did not abuse its discretion in denying the motion to intervene as of right.

## III

We review the District Court's denial of permissive intervention for abuse of discretion. *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). Permissive intervention is available upon timely application when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). District courts are afforded broad discretion, and denials of motions for

---

[4] Franklin County also argues that the restoration of Transource's provisional certificate of public convenience would permit Transource to continue project assessment and conduct appraisals on Franklin County land. But Franklin County does not explain how the mere surveying of its lands is sufficient to justify intervention as of right. And because Franklin County raises this argument for this first time on appeal, the District Court did not abuse its discretion in failing to consider whether Franklin County's unstated pre-condemnation interests are sufficient to satisfy Rule 24.

permissive intervention have "virtually never been reversed." *Lib. Mut. Ins. Co.*, 419 F.3d at 227 (quoting *Catanzano By Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996)).

Franklin County argues that it has "specialized and particularized knowledge [that] will serve to clarify the issues in this case." Appellant Br. 28. But Franklin County fails to specify what that specialized knowledge is and how that knowledge is relevant to the narrow issues before the District Court. This suit is based on federal preemption and dormant Commerce Clause challenges. And whether PAPUC's need determination is preempted by PJM's prior determination or proscribed by the dormant Commerce Clause shares no common questions of law or fact with the IEC's Project's potential harm to Franklin County. Simply put, the District Court did not abuse its discretion in determining that Franklin County's land-use and environmental objections "will not add anything to the litigation." App. 11 (internal citation and quotation marks omitted).

Additionally, the District Court denied permissive intervention because Franklin County failed to abide by Federal Rule of Civil Procedure 24(c), which requires that an application for intervention "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Franklin County nonetheless argues that the District Court abused its discretion in denying on this ground because "[s]uch pleading was unnecessary" and the District Court had determined earlier that no prejudice resulted from Franklin County's intervention. Appellant Br. 30; *see also* Fed. R. Civ. P. 24(b)(3) (delay or prejudice must be considered for permissive intervention). While some courts have exercised leniency in the application of Rule 24(c)

despite its mandatory language, it is not an abuse of discretion for the District Court to enforce the rules merely because an intervention-applicant claims that it is unnecessary.

*     *     *

The District Court did not abuse its discretion in denying Franklin County's intervention, so we will affirm.